Docket No. 24-9002
_____

In The United States Court of Appeals
For The Third Circuit
_____

**UNITED STATES,**

Appellee,

v.

**ROBERT BOWERS,**

Defendant – Appellant.
_____

**MOTION TO SUBSTITUTE COUNSEL ON APPEAL**

Earlier this month, this Court confirmed the appointment of Sean Bolser and Sarah Gannett and their out-of-circuit federal defender offices to represent Appellant Robert Bowers in this federal-death penalty appeal. Mr. Bowers now moves this Court, under 18 U.S.C. §§ 3005 and 3599 and Third Circuit Local Rule 109, to substitute a new attorney for his trial counsel, Elisa Long, the Interim Federal Public Defender for the Western District of Pennsylvania (WDPA), whom the district court authorized to continue her assignment temporarily to transition the appellate representation to new counsel. Mr. Bowers and his counsel, including Ms. Long, specifically move the Court to substitute Margaret Farrand, an attorney with the Federal Public Defender Office for the Central District of California. A

1

substitution was contemplated by the district court. It is also consistent with the approach taken in other federal capital appeals and will protect the interests of justice and judicial economy.

## Background

Mr. Bowers was convicted and sentenced to death for the killings of 11 worshippers at the Tree of Life Synagogue in Pittsburgh. The superseding indictment charged 63 counts, 22 of which carried the death penalty, consisting of charges of or based on obstructing of the free exercise of religious beliefs (resulting in death) under 18 U.S.C. § 247. After lengthy pretrial and trial proceedings, jurors found Mr. Bowers guilty on every charge and sentenced him to death on all eligible counts. Nationally, there have been few capital trials involving such large-scale crimes.

The record below is massive and complicated. Pretrial proceedings included extensive motions practice on evidentiary, discovery, statutory, constitutional, forensic, mental health, and other issues. Court appearances spanned approximately 100 court days. The trial itself lasted more than two months and involved thousands of pages of documents, hundreds of physical and demonstrative exhibits, and scores of audio and video recordings. Altogether, the transcripts comprise at least 13,649 pages. The district court docket contains over 1,600 entries. The district court assigned the Federal Public Defender Office for

the WDPA, as well as several other counsel to represent Mr. Bowers at trial. At various times, up to six lawyers for the defense and seven for the government sat at counsel table and participated in the trial proceedings.

The appeal will therefore be complex and demanding, and it will be just the second direct appeal from a federal death sentence in this Circuit to be decided on the merits since the current federal capital statutes were enacted over a quarter-century ago. Thus, it is likely to involve numerous issues of first impression.

In anticipation of the extraordinary challenge this appeal will present for counsel, **seven** government attorneys – from the United States Attorney's Office for the WDPA, and the Criminal and Civil Rights Divisions of the Department of Justice – have so far entered appearances for the United States.[1]

### Appointment of Current Counsel

On June 4, 2024, this Court appointed two out-of-district Federal Defender offices to represent Mr. Bowers in this appeal. (Doc. 3.) The district court had previously permitted all trial counsel except the Federal Public Defender for the WDPA to withdraw from representing Mr. Bowers, with the express understanding

---

[1] Although this motion is being served on the government, the government has no role in decisions regarding a defendant-appellant's representation. *See, e.g., Booker v. Sec'y, Fla. Dep't of Corr.*, 22 F.4th 954, 956-57 (11th Cir. 2022); *United States v. Wells*, 879 F.3d 900, 908 (9th Cir. 2018); *United States v. Tillman*, 756 F.3d 1144, 1150 n.1 (9th Cir. 2014).

that the office, at its request, would also withdraw and be substituted for after transitioning the representation to appellate counsel.

Currently, two attorneys with extensive federal capital appellate experience, Sean Bolser and Sarah Gannett, have entered appearances for Mr. Bowers, both with the approval of the district court and per their offices' assignment by this Court. Ms. Gannett also served in the Federal Community Defender for the Eastern District of Pennsylvania from 2007-2016, and capably handled many federal criminal appeals in this Court.

Undersigned counsel Ms. Long, who recently became the Interim Federal Public Defender for the WDPA, was one of Mr. Bowers's trial attorneys and also entered an appearance in this Court, consistent with the district court's determination regarding transition of the representation. As the district court was told, the daunting burdens imposed on a Federal Defender Office by representation in a capital trial case, especially one this protracted, intense, and complex, render Ms. Long's office ill-equipped to also assume the burdens of appellate representation. Her new duties as Interim Federal Public Defender further make such a commitment impossible.[2] Finally, in addition to all this, Ms. Long and newly appointed appellate counsel agree it would be in Mr. Bowers's best interests

---

[2] The only other attorney from that office who represented Mr. Bowers at trial has since retired. Thus, Ms. Long is the only attorney in the office who appeared and participated in the trial.

4

for her to be substituted for on appeal.³ For these reasons, the district court understood and agreed that, per her office's wishes, Ms. Long's continued assignment would be temporary and for the purpose of transitioning the appeal to new counsel.

## The Requested Substitution

Substituting Ms. Farrand for Ms. Long would maintain the current level of representation, *see* 18 U.S.C. § 3599(e), offer Mr. Bowers additional capital appellate expertise, and align with the practice in similar cases. Additionally, because Ms. Farrand, like Mr. Bolser and Ms. Gannett, is employed by a Federal Defender office and would not bill the Court for her time or expenditures, her substitution would afford considerable cost savings compared to other potential appointments. The interests of justice and judicial economy therefore would best be served by the proposed substitution. *See Martel v. Clair*, 132 S. Ct. 1276, 1284 (2012) ("interest of justice" standard applies to substitution motions under section 3599).

The requested substitution comports with the practice of other circuits in federal death penalty appeals of appointing an entirely new team of appellate

---

³ The Guide to Judicial Policy suggests that trial counsel may not be best suited to handle an appeal like this one. *See* Guide to Judiciary Policy, Vol. 7, Pt. A, Chap. 6, App. 6A, p.95 (recognizing both that "[c]apital appellate work is a specialty, and a lawyer is rarely a specialist in both trial and appellate representation," and that "there is value in bringing fresh perspective to issues that have been litigated below.").

attorneys.[4] Indeed, in two similar cases, *United States v. Tsarnaev* and *United States v. Roof*, trial counsel—including Federal Defender offices—were relieved and replaced by out-of-district Federal Defender offices for appeal.[5]

The governing statutes, 18 U.S.C. §§ 3005 and 3599, authorize this Court to appoint more than two counsel in a federal capital appeal, as requested here, "if necessary for adequate representation." Guide to Judiciary Policy, Vol. 7, Pt. A, Chap. 6, § 620.10.10(b). Other circuits regularly do so.[6]

Ms. Farrand is well qualified to undertake this representation. She is a Deputy Federal Public Defender in the Central District of California and the Chief of that Office's Appellate Unit, where she has briefed and argued appeals for

---

[4] *See, e.g., United States v. Torrez*, No. 14-1 (4th Cir.) (appointing entirely new set of attorneys on appeal); *United States v. Umana*, No. 10-6 (4th Cir.) (same); *United States v. Troya*, No. 09-12716-P (11th Cir.) (same); *United States v. Sanchez*, 11th Cir. No. 09-12716-P (11th Cir.) (same); *United States v. Runyon*, No. 09-11 (4th Cir.) (same); *United States v. Hager*, No. 08-04 (4th Cir.) (same); *United States v. Mikhel*, No. 07-99008 (9th Cir.) (same); *United States v. Kadamovas*, No. 07-99009 (9th Cir.) (same); *United States v. Honken*, No. 05-3871 (8th Cir.) (same); *United States v. Agofsky*, No. 04-41219 (5th Cir.) (same); *United States v. Mitchell*, No. 03-99010 (9th Cir.) (same).

[5] *See United States v. Tsarnaev*, No. 16-6001 (1st Cir.); *United States v. Roof*, No. 17-3 (4th Cir.). This has also occurred in lower-profile cases, including *United States v. Council*, Nos. 20-1, 21-8 (4th Cir.).

[6] *See, e.g., United v. Coonce*, No. 14-2800 (8th Cir.) (Capital Appellate Resource Counsel and two CJA lawyers); *United States v. Wilson*, No. 13-3566 (2nd Cir.) (same); *United States v. Taylor*, No. 09-5517 (6th Cir.) (same); *United States v. Kadamovas*, No. 07-99009 (9th Cir.) (three CJA lawyers); *United States v. Caro*, No. 07-05 (4th Cir.) (two Assistant Federal Defenders from different offices and one CJA lawyer); *United States v. Gabrion*, No. 02-1386 (6th Cir.) (two CJA lawyers and Federal Defender Office); *United States v. Tsarnaev*, No. 16-6001 (1st Cir.) (two CJA lawyers and Federal Defender Office).

approximately six years. She worked on a prior out-of-circuit federal death-penalty appeal, and previously handled numerous capital cases on postconviction review over her nine years in the office's Capital Habeas Unit between 2009 and 2018. Ms. Farrand is admitted to practice in the Fourth, Fifth, Ninth, and Tenth Circuits. Her familiarity with capital law and direct appeals, along with the resources available to her as a member of a Federal Public Defender office, should assist in assuring a full and fair briefing of the challenging issues in this case.

　Ms. Farrand's office received approval from the Administrative Office of the United States' Court's Defender Services Office to seek this appointment pursuant to the office's cost-containment protocol for providing courts with the representational services of out-of-district Federal Defender Offices.

The former Federal Public Defender for the Western District of Pennsylvania, Lisa Freeland, who was involved in arranging for the substitution of Mr. Bolser and Ms. Gannett for the other trial counsel, also supports the requested substitution for Ms. Long, the current Defender.

Counsel have discussed the requested substitution with Mr. Bowers, and he consents to it.

**Request for Relief**

For all these reasons, Defendant-Appellant Robert Bowers respectfully requests that the Court grant this motion and substitute Ms. Farrand and the Federal Defender Office for the Central District of California, for Ms. Long and the Federal Defender Office for WDPA as counsel on appeal.

Respectfully submitted,

ROBERT BOWERS

by his attorneys:

*Elisa A. Long, Esq.*
Office of the Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
412-644-6565
elisa_long@fd.org

*Sean J. Bolser, Esq.*
Federal Capital Appellate Resource Counsel Project
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-330-1200
sean_bolser@fd.org

*Sarah S. Gannett, Esq.*
Office of the Public Defender
850 W Adams Street
Suite 201
Phoenix, AZ 85007
602-382-2700
sarah_gannett@fd.org