IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 24-9002

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT BOWERS,

Defendant-Appellant.

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

———————————

**RESPONSE BY THE UNITED STATES TO
DEFENDANT-APPELLANT'S MOTION FOR BRIEFING SCHEDULE**

———————————

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), the United States respectfully submits this Response to defendant-appellant Robert Bowers's Motion for Briefing Schedule ("Mot."). Bowers asks the Court to set a deadline of May 31, 2027, for the filing of his opening brief on direct appeal. The government opposes that request and submits that a schedule requiring appellant to file his opening brief within one year of the Court's ruling is more appropriate. If the Court sets a six-month deadline for the

1

government's brief, and a three-month deadline for appellant's reply brief, the case would be fully briefed within 21 months of the Court's ruling. In support of this Response, the government states as follows:

    1.   On October 27, 2018, Bowers armed himself with a rifle and handguns and drove to the Tree of Life Synagogue in Pittsburgh, Pennsylvania, where he shot and killed eleven congregants and wounded several other victims. On January 29, 2019, a federal grand jury returned a 63-count superseding indictment charging Bowers with intentionally obstructing, by force or threat of force, any person in the enjoyment of that person's free exercise of religious belief, involving attempts to kill and resulting in death and bodily injury, in violation of 18 U.S.C. § 247(a)(2); using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence causing death, in violation of 18 U.S.C. §§ 924(c) and 924(j); and willfully causing bodily injury to a person because of the person's actual or perceived religion resulting in death, in violation of 18 U.S.C. § 249(a)(1). Dist. Ct. Doc. No. 44. On June 16, 2023, a jury found Bowers guilty on all counts. The jury subsequently recommended, and the district court imposed, a sentence of death on all 22 of the capital counts charged in the superseding indictment. On May 17, 2024, the district court denied Bowers's motion for judgment of acquittal and for a new trial.

2. On May 31, 2024, Bowers filed a notice of appeal. Shortly thereafter, this Court docketed Bowers's appeal and appointed appellate counsel to represent him. Bowers is currently represented by three Assistant Federal Public Defenders with substantial experience handling federal capital appeals. Mot. at 3, 13.

3. On August 1, 2024, Bowers filed a motion to suspend setting a briefing schedule for 120 days to permit his counsel to obtain a complete copy of the record and, after conducting an initial review of the record, to propose a realistic briefing schedule. The government did not oppose Bowers's motion, and the Court granted it.

4. When the briefing suspension expired, Bowers filed the pending motion in which he asks the Court to set a deadline of May 31, 2027—nearly two and a half years from now, and three years from the filing of his notice of appeal—for the filing of his opening brief. Bowers submits that, in recent federal capital appeals, "the average time between the appellant's filing of his notice of appeal and filing of his opening brief has been nearly three years (approximately 983 days)." Mot. at 3-4 & n.3. Bowers additionally contends that his three-year request is reasonable given the size of the record on appeal; the fact that his appellate counsel did not previously work on this case; the number and complexity of the issues he will likely raise on appeal; and alleged

gaps in the record on appeal. *See id.* at 5-11. Despite requesting such a protracted schedule, Bowers submits that the deadline for his opening brief may need to be extended further. *See id.* at 2, 5.

5. The government disagrees with the briefing schedule proposed by Bowers. The government is mindful of the substantial record presented in this and other capital cases and of the care that must be taken by a capital defendant's counsel in identifying issues for his appeal and preparing the opening brief. At the same time, the Supreme Court has repeatedly emphasized the strong public interest in the timely enforcement of a capital sentence. *See, e.g.*, *Ramirez v. Collier*, 595 U.S. 411, 433 (2022); *Barr v. Lee*, 591 U.S. 979, 981 (2020); *Bucklew v. Precythe*, 587 U.S. 119, 149 (2019); *Hill v. McDonough*, 547 U.S. 573, 584 (2006). To balance and accommodate these interests, the government respectfully submits that the Court should set a complete briefing schedule that is no longer than 21 months in duration from the date of the Court's order: 12 months for the filing of Bowers's opening brief, 6 months for the government's answering brief, and 3 months for the reply brief. Even with this schedule, briefing would not be completed until the fall of 2026—more than three years after the jury's verdict and more than two years after the appeal was docketed.

6. Setting a one-year deadline for Bowers's opening brief at this time is reasonable. There are no outstanding transcripts in this case—to the government's knowledge, all of the transcripts have been prepared. Moreover, Bowers acknowledges that counsel has a complete copy of the documentary exhibits in the case. Mot. at 10 n.11. During their trip to Pittsburgh last month, counsel also received a complete copy of the audiovisual exhibits and were given the opportunity to review the physical exhibits.[1] Although Bowers's motion states that "Counsel continue to identify unrecorded proceedings and other material germane to the case but not contained in the record," Mot. at 9, it does not describe the scope or nature of those alleged gaps in the record. The government's understanding is that the record on appeal is almost entirely complete.

7. Setting a one-year deadline for Bowers's opening brief at this time would also be consistent with the schedule in two recent capital appeals discussed by Bowers in his motion. *See* Mot. at 4-5, 11 (discussing *United States v. Tsarnaev*, 1st Cir. No. 16-6001, and *United States v. Roof*, 4th Cir. No. 17-3). In both cases, the briefing schedule was initially suspended for record-related reasons. *See Tsarnaev*, 1st Cir. No. 16-6001, Doc. 117102232 at 3-5 (Jan. 9, 2017) (describing delays in the defense getting access to 27 *ex parte* government

---

[1] Counsel elected to defer their review of physical exhibits.

filings and proceedings and to 20 sealed court orders); *Roof*, 4th Cir. No. 17-3, Doc. 54 at 2-4 (May 21, 2018) (explaining that initial briefing schedule was extended, and then suspended, to allow the defense to complete collection of the trial record, including gaining access to numerous sealed documents). But in those appeals, when the court subsequently entered a briefing schedule, it set opening-brief deadlines of one year (*Tsarnaev*) and nine months (*Roof*). *See Tsarnaev*, 1st Cir. No. 16-6001, Doc. 117188598 (Aug. 11, 2017); *Roof*, 4th Cir. No. 17-3, Doc. 55 (May 23, 2018). Although the defense obtained subsequent extensions of those deadlines, they did so based on certain case-specific concerns.

Bowers also does not cite any capital case in which a court of appeals, *ex ante*, has entered the type of protracted briefing schedule he requests of this Court. In fact, the cases Bowers cites (Mot. at 4 n.3) involved stays in briefing schedules due to record issues, followed by initial briefing periods of one month to fourteen months. *See* Addendum.

8. This case does not involve any significant, ongoing delays in compiling or gaining access to record material. Although the record on appeal is substantial, Bowers is represented by three experienced appellate advocates who began cataloguing and reviewing the record shortly after their appointment in this case. *See* 30-Day Status Report at 2-3 (Sept. 4, 2024);

Mot. at 8. The lengthy schedule requested by Bowers is therefore unwarranted. If this Court sets a briefing schedule along the lines proposed by the government, counsel may still request an extension of that deadline based on a showing of good cause should they deem such a request necessary. *See* Local Rule 31.4. The government takes no position at this time on whether it would consent to such further extensions.

For the foregoing reasons, the Court should deny Bowers's Motion for a Briefing Schedule and enter a briefing schedule consistent with the one proposed in this Response.

Respectfully submitted,

| | |
|---|---|
| NICOLE M. ARGENTIERI<br> Principal Deputy Assistant<br> Attorney General | KRISTEN CLARKE<br> Assistant Attorney General |
| s/ John-Alex Romano<br>JOHN-ALEX ROMANO<br> Attorney<br>U.S. Department of Justice<br>Criminal Division<br>Appellate Section<br>950 Pennsylvania Ave, NW<br>Washington, DC 20530<br>Tel. (202) 353-0249<br>John-Alex.Romano@usdoj.gov | s/ Janea L. Lamar<br>ERIN H. FLYNN<br>JANEA L. LAMAR<br> Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Appellate Section<br>Ben Franklin Station<br>Washington, D.C. 20044-4403<br>(202) 532-3526<br>Janea.Lamar@usdoj.gov |

## CERTIFICATE OF COMPLIANCE

This motion response complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 1,931 words, including the Addendum but excluding the parts exempted by Fed. R. App. P. 32(f). This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Calisto MT 14-point font in text.

s/John-Alex Romano

JOHN-ALEX ROMANO
U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave, NW
Washington, DC 20530
Tel. 202-353-0249
John-Alex.Romano@usdoj.gov

# ADDENDUM

## BRIEFING ORDERS IN CAPITAL CASES

| Case | Document Number(s) | Initial Briefing Periods |
|---|---|---|
| *United States v. Council*, 77 F.4th 240 (4th Cir. 2023) (No. 20-1) | 27, 31 | Appellant requested nine months to file opening brief; court granted eight months. |
| *United States v. Fackrell*, 991 F.3d 589 (5th Cir. 2019) (No. 18-40598) | 96, 99 | Appellants requested nine months to file opening brief; court granted six months. |
| *United States v. Roof*, 10 F.4th 314 (4th Cir. 2021) (No. 17-3) | 54-55 | Appellant requested—and court granted—nine months to file opening brief. |
| *United States v. Sampson*, 26 F.4th 514 (1st Cir. 2022) (No. 17-6001) | 117423521, 117424615 | Appellant requested one year to file opening brief; court granted eight months. |
| *United States v. Tsarnaev*, 968 F.3d 24 (1st Cir. 2020) (No. 16-6001) | 117134387, Aug. 11, 2017 Briefing Schedule Update (text-only order) | Appellant requested—and court granted—one year to file opening brief. |
| *United States v. Sanders*, No. 15-31114 (5th Cir. Nov. 30 and Dec. 4, 2017) | 146-147 | Appellant requested—and court granted—six months to file opening brief. |
| *United States v. Hall*, 945 F.3d 1035 (8th Cir. 2019) (No. 14-2742) | 4182018, 4182517 | Appellant requested eight months to file opening brief; court granted less than six months. |

| Case | Document Number(s) | Initial Briefing Periods |
|---|---|---|
| *United States v. Coonce*, 932 F.3d 623 (8th Cir. 2019) (No. 14-2800) | 4187288, 4187474 | Appellant requested—and court granted—five months to file opening brief. |
| *United States v. Torrez*, 869 F.3d 291 (4th Cir. 2017) (No. 14-1) | 59-60 | Appellant requested 60-day stay of briefing schedule; court granted one month to file opening brief. |
| *United States v. Savage*, 970 F.3d 217 (3d Cir. 2020) (No. 14-9003) | 3112673766, 3112791176 | Appellant requested 90-day stay of briefing schedule; court granted five months to file opening brief. |
| *United States v. Aquart*, 912 F.3d 1 (2d Cir. 2018) (No. 12-5086) | 78-2, 82 | Appellant requested—and court granted—six months to file opening brief. |
| *United States v. Snarr*, 704 F.3d 368 (5th Cir. 2013) (No. 10-40525) | 58, 71-72 | Appellants requested—and court granted—two months to file opening brief. |
| *United States v. Umana*, 750 F.3d 320 (4th Cir. 2014) (No. 10-6) | 65-67 | Appellant requested—and court granted—seven months to file opening brief. |
| *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013) (No. 09-11) | 49-51 | Appellant requested—and court granted—six months to file opening brief. |
| *United States v. Ebron*, 683 F.3d 105 (5th Cir. 2012) (No. 09-40544) | 25-26, 30 | Appellant requested three months to file opening brief; court granted two and a half months. |
| *United States v. Troya*, 733 F.3d 1125 (11th Cir. Apr. 7, 2010) (No. 09-12716) | 2 at p. 9 | Appellants requested—and court granted—less than six months to file opening brief. |

| Case | Document Number(s) | Initial Briefing Periods |
|---|---|---|
| *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) (No. 09-5517) | 172, 177, 182-2 | Appellant requested—and court granted—five months to file opening brief. |
| *United States v. Mikhel*, 889 F.3d 1003 (9th Cir. 2018) (Nos. 07-099008, 07-99009) | 112 | After the resolution of most transcript issues, court ordered appellants to file opening brief in fourteen months. |
| *United States v. Hager*, 721 F.3d 167 (4th Cir. 2013) (No. 08-4) | 42, 44-45 | Appellant requested—and court granted—seven months to file opening brief. |
| *United States v. Jackson*, 549 F.3d 963 (5th Cir. 2007) (No. 06-41680) | 12-13 | Appellant requested—and court granted—two and a half months to file opening brief. |
| *United States v. Montgomery*, 635 F.3d 1074 (8th Cir. 2011) (No. 08-1780) | 3426093, 3440972, 3441231 | After termination of stay, appellant requested seven months to file opening brief; court granted five months. |