IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 24-9002

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT BOWERS,

Defendant-Appellant.

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

———————————

**RESPONSE BY THE UNITED STATES TO DEFENDANT-APPELLANT'S MOTION FOR SIX-MONTH EXTENSION OF BRIEFING SCHEDULE**

———————————

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), the United States respectfully submits this Response to defendant-appellant Robert Bowers's Motion for Six-Month Extension of Briefing Schedule ("Mot."). The government opposes Bowers's motion.

## Background

On October 27, 2018, Bowers armed himself with a rifle and handguns and drove to the Tree of Life Synagogue in Pittsburgh, Pennsylvania, where he

1

shot and killed eleven congregants and wounded several other victims. On January 29, 2019, a federal grand jury returned a superseding indictment charging Bowers with 63 offenses, including 22 offenses eligible for the death penalty. On June 16, 2023, a jury found Bowers guilty on all counts. On August 2, 2023, at the conclusion of penalty-phase proceedings, the jury recommended a sentence of death on all 22 capital counts; the district court imposed that sentence the following day. On May 17, 2024, the district court denied Bowers's motion for judgment of acquittal and for a new trial.

On May 31, 2024, Bowers filed a notice of appeal. Shortly thereafter, this Court docketed Bowers's appeal and appointed appellate counsel to represent him. Bowers is currently represented by three Assistant Federal Public Defenders with substantial experience handling federal appeals, including capital appeals. *See* Mot. at 3, 13-14 & n.17; *see also* Doc. 33, Def. Mot. for Briefing Schedule at 3 (Dec. 6, 2024).[1]

On August 1, 2024, Bowers filed an unopposed motion to suspend setting a briefing schedule for 120 days to permit his counsel to obtain a complete copy of the record and, after conducting an initial review of the record, to propose a realistic briefing schedule. The Court granted Bowers's motion. Doc. 27.

---

[1] References to "Doc." are to docket entries in this appeal.

On December 6, 2024, Bowers filed a motion asking this Court to set a deadline of May 31, 2027—three years from the filing of his notice of appeal—for the filing of his opening brief. Doc. 33. The government opposed that motion and proposed a schedule under which Bowers's opening brief would be due one year from the date of the Court's ruling, the government's answering brief would be due six months later, and Bowers's reply brief would be due three months after that. Doc. 34. On December 18, 2024, the Court granted Bowers's motion in part, ordering that his opening brief be filed on or before September 19, 2025; that the government's answering brief be filed within 90 days of the opening brief; and that Bowers's reply brief be filed within 45 days of the government's brief. Doc. 35.

Bowers now moves the Court for a six-month extension of his current briefing deadline on the ground that "substantial work remains" on his opening brief "that will be impossible to complete before the current deadline." Mot. at 2. Bowers cites the extensive record on appeal; the number of issues his counsel has identified for likely inclusion in his brief (20 and counting), as well as "the varied, complex, and often novel" nature of those issues; and the briefing timelines in other federal capital appeals. *Id.*; *see id.* at 5-14.

## **Discussion**

The government acknowledges that this capital case is important and complex, that the record is extensive, and that the parties therefore require sufficient time (beyond ordinary appellate deadlines) to identify and fully address the issues on appeal. But Bowers has had well over a year in which to do so—two years if counting from the date of the district court's sentencing verdict, which was followed by Bowers's post-trial challenges to his convictions. Despite that extended period of time, and despite having the assistance of three highly capable appellate attorneys with significant experience in capital cases, Bowers reports that he is still at the stage of identifying potential appellate issues: his attorneys have so far identified 20 issues "that should be prioritized for likely inclusion in the [opening] brief," are "researching these issues," and "hav[e] prepared preliminary drafts of some of them," but still need to "evaluate [ ] remaining issues" and write the brief. Mot. at 7.

In light of those representations, and Bowers's earlier assertion that he needed at least *three years* in which to prepare his opening brief, the government is concerned about unwarranted and potentially prolonged delays in these proceedings, contrary to the interests of the public and victims in this capital case. The Supreme Court has repeatedly emphasized the strong public interest in the timely enforcement of a capital sentence. *See, e.g.*, *Ramirez v. Collier*, 595

U.S. 411, 433 (2022); *Barr v. Lee*, 591 U.S. 979, 981 (2020); *Bucklew v. Precythe*, 587 U.S. 119, 149 (2019); *Hill v. McDonough*, 547 U.S. 573, 584 (2006). The policy of the Department of Justice similarly emphasizes the importance of ensuring that a capital defendant's appeal proceed in a timely manner. *See* Justice Manual § 9-10.190 (Department policy is to "ensur[e] timely resolution" of direct appeal and collateral proceedings in capital cases and to "implement[] the capital sentence without unwarranted delays"). In the Crime Victims' Rights Act, Congress also made clear that crime victims have "[t]he right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). Yet Bowers now seeks to extend the time between filing his notice of appeal and his opening brief to a total of almost two years, and repeatedly implies that he may request more time on top of that. *See, e.g.*, Mot. at 8 (stating that "counsel are only 14 months into the Herculean task of preparing this appeal," and "[b]y the time of the proposed, extended deadline, counsel will be just 21 months into [their] work"); *id.* at 7 (stating that, in addition to identifying more issues and drafting the brief over the next six months, "the final brief and appendix [must] be assembled—itself a time-consuming and laborious effort"); *id.* (anticipating that brief may "comprise hundreds of pages").

Those delays are unjustified. Although Bowers is likely to raise issues of first impression in this Court, many are likely to be well settled elsewhere.

5

Moreover, "[e]ven in a death-penalty case," the courts "expect[] counsel to be highly selective about the issues to be argued on appeal and about the number of words used to press those issues." *United States v. Battle*, 163 F.3d 1, 1-2 (11th Cir. 1998) (citing, *inter alia*, *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983)). And the longer Bowers delays filing his opening brief, the longer it will be before the government can fairly assess how much time *it* will need to appropriately respond.[2]

Bowers relies on the briefing timelines in other federal capital appeals. *See* Mot. 8 & n.8 (alleging a "national average" of "33 months" between filings of notice of appeal and opening brief in recent capital appeals and citing cases). But the briefing timetable in any given appeal is based on case-specific factors. *See, e.g.*, *United States v. Tsarnaev*, 1st Cir. No. 16-6001, Doc. 117102232 at 3-5 (Jan. 9, 2017) (describing delays in the defense getting access to 27 *ex parte* government filings and proceedings and to 20 sealed court orders); *United States v. Roof*, 4th Cir. No. 17-3, Doc. 54 at 2-4 (May 21, 2018) (explaining that initial briefing schedule was extended, and then suspended, to allow the defense to

---

[2] Bowers repeatedly notes that six government attorneys entered appearances in this Court, *see* Mot. at 3-4, 10, implying that he needs extra time because he has half the number of attorneys handling his appeal. The government's appearances, however, include members of the trial team; only two government attorneys have primary responsibility for this appeal.

complete collection of the trial record, including gaining access to numerous sealed documents). Here, the record on appeal was largely complete at an early stage. This case does not involve significant delays in compiling or gaining access to record material. *See* Mot. at 5 & n.5 (conceding that "[r]ecord collection and review is essentially complete"). And the substantial litigation in the district court of the issues Bowers is likely to raise on appeal (*see id.* at 7) informs and helps to guide his appellate challenges.

Accordingly, the government's position is that the 15 months since Bowers filed his notice of appeal, and the two years since the entry of the sentencing verdict, have provided sufficient time to identify appellate issues and prepare his opening brief. The government therefore opposes his request for further delay.

Respectfully submitted,

MATTHEW R. GALEOTTI  
 Acting Assistant Attorney General

s/ John-Alex Romano  
JOHN-ALEX ROMANO  
 Attorney  
 U.S. Department of Justice  
 Criminal Division  
 Appellate Section  
 950 Pennsylvania Ave, NW  
 Washington, DC 20530  
 (202) 353-0249  
 John-Alex.Romano@usdoj.gov

HARMEET K. DILLON  
 Assistant Attorney General

JESUS A. OSETE  
 Principal Deputy Assistant  
 Attorney General

s/ Jason Lee  
JASON LEE  
 Attorney  
 U.S. Department of Justice  
 Civil Rights Division  
 Appellate Section  
 Ben Franklin Station  
 Washington, D.C. 20044-4403  
 (202) 305-1915  
 Jason.Lee2@usdoj.gov

## CERTIFICATE OF COMPLIANCE

This motion response complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 1,388 words, excluding the parts exempted by Fed. R. App. P. 32(f). This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Calisto MT 14-point font in text.

s/John-Alex Romano

JOHN-ALEX ROMANO
 U.S. Department of Justice
 Criminal Division, Appellate Section
 950 Pennsylvania Ave, NW
 Washington, DC 20530
 Tel. 202-353-0249
 John-Alex.Romano@usdoj.gov
