Docket No. 24-9002
_____

In The United States Court of Appeals
For The Third Circuit
_____

**UNITED STATES,**

Appellee,

v.

**ROBERT BOWERS,**

Defendant – Appellant.
_____

## Motion for Reconsideration of Briefing Schedule

Defendant-Appellant Robert Bowers, by his undersigned counsel, respectfully requests, for the reasons set forth in earlier filings,[1] that the Court reconsider its October 16, 2025 text order setting a deadline for filing of November 3, 2025, and grant an additional 90 days, to and including February 2, 2026, with no further extensions.[2] If the Court's order was by a single judge, counsel request

---

[1] *See* Docs. 33, 38, 44.

[2] Although the request addressed in the Court's order was for 30 days, that request contemplated the possibility of future extensions. (Doc. 44 at 3.) We request 90 days now, since the Court's order makes clear future extensions will not be forthcoming. (Doc. 45.)

1

review by the panel, pursuant to Local Appellate Rule 27.5. If the Court denies this motion, Counsel respectfully ask they be granted permission to withdraw.

The government opposes this motion for the reasons given in their prior filings (Docs. 34, 40).

Counsel respect the Court's orders and will comply with them. For the reasons given in our prior pleadings,[3] however, we feel compelled to request the Court's reconsideration. Given the impending deadline, we do not belabor the point: We cannot envision completing, by November 3, 2025, a brief that meets our professional obligations to Mr. Bowers under the American Bar Association's Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, which both the Supreme Court and Federal Judiciary Policy endorse.[4] These obligations include the duty to provide high quality legal representation (Guideline 10.2), the duty to consider and investigate all potential legal claims (Guideline 10.8(A)), the duty to present all legal claims as forcefully as possible, tailoring the presentation (Guideline 10.8(B)), and the duty to litigate all arguably meritorious issues and present issues to preserve them for subsequent review (Guideline 10.15.1(C)). Even the government initially agreed that preparing

---

[3] *See* Doc. 33 at 8-11; Doc. 38 at 7-13; Doc. 44 at 7-13.

[4] *See* Doc. 44 at 11 n. 12 (citing Guide to Judiciary Policy, Vol. 7, App. 2A at 27), and 8 n.7 (citing *Wiggins v. Smith*, 539 U.S. 510, 524 (2003)).

an opening brief would take longer than the current time the Court has granted in this case. *See* Doc. 34 at 1, 7 (recommending one year from December 18, 2024, or until December 18, 2025).[5]

Counsel have worked earnestly and diligently to keep this appeal moving forward. We have been direct with the Court about the challenges presented by this most serious case, its massive and complex record, and the novel issues presented. Although it would still be substantially less than we believe is necessary, we respectfully request that the Court reconsider and grant us an additional ninety (90) days—to and including February 2, 2026, with no further extensions—to submit the opening brief, so that we may make an ethically meaningful effort under the circumstances to serve our client and to assist the Court.[6]

In the alternative, counsel seek leave to withdraw. We do not make this request lightly, and we are deeply disappointed at the prospect of not being able to fulfill the Court's expectations (and our failure to convey the needs of this important appeal). Neither the Rules of Professional Responsibility nor the ABA

---

[5] Still, the period initially agreed to by the government would have been just a fraction of the time typically afforded in federal capital appeals. *See* Docs. 33 at 4, 38 at 8 & 12, 44 at 10 (average of 983 days, or about 33 months, for 25 most recent cases; average of 1523 days, or about 50 months, for complex cases, including analogous hate-crime and terrorism cases).

[6] If forced to file on November 3, 2025, we fear the Appellant's brief will be not just incomplete—missing entire issues—but unhelpful, because we will have had insufficient time to organize it, format it, and check it for errors.

3

Guidelines address this particular situation. But in analogous ones—where, for example, counsel's caseload "jeopardize[s] the lawyer's ability to render competent representation" or results in their "providing capital defense representation of less than high quality"—the Guidelines suggest moving to withdraw may be necessary. *See* Guideline 10.3 commentary.[7] It is our considered judgment that, absent a meaningful extension of time, seeking leave to withdraw is necessary here, and we have told Mr. Bowers so.

WHEREFORE, Mr. Bowers respectfully requests that the Court reconsider its October 16, 2025 text order setting a deadline for filing of November 3, 2025, and grant an additional 90 days, to and including February 2, 2026, with no further extensions. In the alternative, counsel seek leave to withdraw from the representation, due to the impossibility under the circumstances of meeting our professional obligations.

---

[7] ABA Model Rule of Professional Conduct 1.16(a)(1) requires counsels to withdraw if "the representation will result in violation of the Rules of Professional Conduct or other law," but does not reference other professional obligations. The comment, however, states that "A lawyer should not accept representation in a matter *unless it can be performed competently*, promptly, without improper conflict of interest, and to completion." (emphasis added).

Respectfully submitted,

ROBERT BOWERS

by his attorneys:

*s/ Sean J. Bolser, Esq.*
Federal Capital Appellate Resource Counsel Project
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-330-1200
sean_bolser@fd.org

*s/ Sarah S. Gannett, Esq.*
Office of the Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, AZ 85007
602-382-2700
sarah_gannet@fd.org

*s/ Margaret Farrand, Esq.*
Office of Federal Public Defender
Central District of California
321 E 2nd Street
Los Angeles, CA 90012
213-894-7528
margaret_farrand@fd.org