IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 24-9002

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT BOWERS,

Defendant-Appellant.

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

———————————

**APPELLEE'S MOTION FOR EXTENSION OF TIME**

———————————

Pursuant to Federal Rule of Appellate Procedure 27(a) and Local Rule 31.4, the United States respectfully moves this Court for a 44-day extension of time for filing its answering brief, up to and including May 1, 2026.[1] The number and breadth of claims raised by defendant-appellant Robert Bowers in his 442-page opening brief provide good cause for granting this extension.

---

[1] The 45th day would fall on a Saturday.

1

**Background**

1.  This is a direct appeal of criminal convictions in a capital case.  On October 27, 2018, Bowers armed himself with a rifle and handguns and drove to the Tree of Life Synagogue in Pittsburgh, Pennsylvania, where he shot and killed eleven congregants and wounded many other victims.  On January 29, 2019, a federal grand jury returned a superseding indictment charging Bowers with civil rights and firearm offenses, including 22 offenses eligible for the death penalty.  On June 16, 2023, a jury found Bowers guilty on all counts.  On August 2, 2023, after approximately five weeks of penalty-phase proceedings, the jury recommended a sentence of death on all 22 capital counts; the district court imposed that sentence.  On May 17, 2024, the district court denied Bowers's motion for judgment of acquittal and for a new trial.

2.  On May 31, 2024, Bowers filed a notice of appeal.  Shortly thereafter, this Court docketed Bowers's appeal and appointed appellate counsel to represent him.  Bowers is currently represented by three appellate attorneys with substantial experience handling federal appeals, including capital appeals.  *See* Doc. 33 at 3.[2]

3.  On August 1, 2024, Bowers filed an unopposed motion to suspend setting a briefing schedule for 120 days to permit his counsel to obtain a complete

---

[2] References to "Doc." are to docket entries in this appeal.

copy of the record and, after conducting an initial review of the record, to propose a briefing schedule. The Court granted Bowers's motion. Doc. 27.

4. On December 18, 2024, following the parties' briefing on a proposed schedule, the Court set a deadline of September 19, 2025, for the filing of Bowers's opening brief; ordered that the government's answering brief be filed within 90 days of the opening brief; and ordered that Bowers's reply brief be filed within 45 days of the government's brief. Doc. 35. In response to three motions filed by Bowers, the Court extended the deadline for his opening brief by a total of 90 days, to December 18, 2025. Doc. 48 (text order). Bowers filed his brief on that date. Doc. 57 ("Op. Br."). The brief is 442 pages long and contains an additional 5-page summary of capital cases. The Record Appendix filed by Bowers contains 32 volumes and more than 14,000 pages. Docs. 51, 52, 54.

5. The government's answering brief is currently due on March 18, 2026. The government has not previously sought an extension of time for its brief.

## Discussion

The government respectfully requests a 44-day extension of time for filing its answering brief, up to and including May 1, 2026. The number and breadth of claims raised by Bowers in his 442-page opening brief provide good cause for granting this request.

1.  Bowers raises 15 claims on appeal, as well as a claim of cumulative error.  Op. Br. 57-441.  He challenges the indictment, jury selection, and the death sentences on multiple grounds.  Bowers's claims are mostly record intensive, often contain numerous sub-claims, and invoke complex and often constitutional allegations of error.  For example, Bowers mounts a 42-page challenge to the admission of "historical and religious evidence," in which he attacks four different areas of testimony spanning the guilt and penalty phases of trial, including guilt-phase expert testimony about antisemitic references in his social-media posts and penalty-phase testimony relevant to a non-statutory aggravating factor charged in the death penalty notice.  Op. Br. 229-72.  He argues for 24 pages that eleven capital counts charging him with firearm offenses involving murder were invalid because the underlying religious obstruction offenses are not categorical crimes of violence and thus cannot serve as predicates.  Op. Br. 61-84.  Similarly, Bowers raises a 25-page victim-impact claim in which he challenges four different areas of penalty-phase evidence and jury argument concerning the effect of the Synagogue shooting on his deceased and surviving victims.  Op. Br. 272-96.  And he raises a 31-page constitutional challenge to the government's penalty-phase use of statements he made to his testifying mental-health experts.  Op. 297-328.

4

2.    In order to prepare an adequate response to Bowers's claims, government counsel must closely examine the record materials cited in his brief; review other portions of the voluminous guilt-phase and penalty-phase records, including to determine whether Bowers adequately preserved his claims; conduct necessary legal research; draft a response to Bowers's arguments; and submit that draft for review by multiple Department of Justice components.  On the back end, counsel must allow sufficient time to revise and finalize what will be a lengthy answering brief, a process that will necessitate, among other things, a comprehensive and time-consuming check of all citations.  Given the length of Bowers's opening brief, as well as the number and nature of his claims, the government cannot complete its answering brief within the 90-day deadline originally set by the Court.

3.    The two undersigned counsel on this Motion have primary responsibility for drafting and filing the government's answering brief in this case.  Since Bowers filed his opening brief on December 18, 2025, undersigned counsel have worked diligently on the government's answering brief, including by working nights and weekends.  With minor exceptions, counsel have worked exclusively on this case since Bowers filed his opening brief, and will continue to do so until the government files its answering brief.  Counsel have made substantial progress on the government's draft brief.  But the length, number,

and breadth of Bowers's claims make it infeasible for counsel to complete and file the government's brief by the current deadline of March 18, 2026.

4.    The government takes seriously the strong public interest in timely enforcement of a capital sentence, *see, e.g.*, *Ramirez v. Collier*, 595 U.S. 411, 433 (2022); *Barr v. Lee*, 591 U.S. 979, 981 (2020); *Bucklew v. Precythe*, 587 U.S. 119, 149 (2019); *Hill v. McDonough*, 547 U.S. 573, 584 (2006), and the right of crime victims "to proceedings free from unreasonable delay," 18 U.S.C. § 3771(a)(7). Accordingly, the government is requesting only the minimum amount of additional time it believes necessary to prepare and file an answering brief that addresses all of Bowers's arguments and will be helpful to the Court in adjudicating his claims.  When added to the 90 days currently allotted to the government, an additional 44 days would still make the total time for the government's answering brief (134 days) less than the six months that the government originally requested in the briefing schedule it proposed.  Doc. 34 at 1-2, 4.[3]  If the Court grants this request, the government fully intends to file its answering brief on May 1, 2026, and will not seek another extension of time barring an extraordinary and currently unforeseen circumstance.

---

[3] The government originally proposed that Bowers be given one year for filing his opening brief once the briefing stay was lifted, which is ultimately the total time that the Court gave Bowers following his extension requests last year.  Doc. 34 at 1-2, 4; Doc. 48 (text order).

5.  By email on February 18, 2026, Sean Bolser, counsel for Bowers, authorized the government to describe Bowers's position on this Motion as follows: "Mr. Bowers does not oppose the extension, but because of scheduling difficulties for his attorneys in May, requires an additional two weeks, putting the reply deadline at June 29, 2026, if the government's extension is granted."

### Conclusion

For the foregoing reasons, the government requests a 44-day extension of time for filing its answering brief, up to and including May 1, 2026.

Respectfully submitted,

<table>
<tr><td>A. TYSEN DUVA<br>Assistant Attorney General</td><td>HARMEET K. DHILLON<br>Assistant Attorney General</td></tr>
<tr><td>s/ John-Alex Romano<br>JOHN-ALEX ROMANO<br>Attorney<br>U.S. Department of Justice<br>Criminal Division<br>Appellate Section<br>950 Pennsylvania Ave, NW<br>Washington, DC 20530<br>(202) 353-0249<br>John-Alex.Romano@usdoj.gov</td><td>s/ Janea L. Lamar<br>JANEA L. LAMAR<br>Attorney<br>U.S. Department of Justice<br>Civil Rights Division<br>Appellate Section<br>Ben Franklin Station<br>Washington, D.C. 20044-4403<br>(202) 532-3526<br>Janea.Lamar@usdoj.gov</td></tr>
</table>

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 1,299 words, excluding the parts exempted by Fed. R. App. P. 32(f). This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Calisto MT 14-point font in text.

s/John-Alex Romano

JOHN-ALEX ROMANO
U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave, NW
Washington, DC 20530
Tel. 202-353-0249
John-Alex.Romano@usdoj.gov
