

**U.S. Department of Justice**

Criminal Division

---

*Appellate Section*                                              *Washington, D.C. 20530*

July 30, 2026

Hon. Patricia S. Dodszuweit, Clerk
Office of the Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:   *United States v. Robert Bowers*, No. 24-9002 (oral argument not yet scheduled).

Dear Ms. Dodszuweit:

Pursuant to Rule 28(j), the government brings the following authority to the Court's attention.

In *United States v. Gendron*, -- F.4th --, 2026 WL 2146148 (July 27, 2026), the Second Circuit reversed a pretrial order striking non-statutory aggravating factors in another capital case involving a bias-motivated mass shooting. *Id.* at *1-*2. One stricken factor alleged that the defendant caused serious injury to individuals who were shot but survived the offense. *Id.* at *2-*3. The district court concluded that victim-impact evidence related to non-fatal shootings was not a permissible basis for seeking the death penalty. *Id.* at *3.

In reversing, the Second Circuit concluded that the "surviving-victim factor is clearly relevant" to capital sentencing, as "death-penalty cases often involve [ ] acts of widespread violence"; "the fact that this conduct *injures* large numbers of survivors may often be one of the most important 'circumstances of the crime.'" *Gendron, supra,* at *4 (quoting *Jones v. United States*, 527 U.S. 373, 402 (1999)). The court rejected the defendant's argument that 18 U.S.C. 3593(a)(2) "limits non-statutory aggravating factors concerning 'victim impact'

1

to factors addressing the impact of death-eligible offenses on victims who have died and their families." *Ibid.* (quotation marks omitted). The court noted that Section 3593(a)(2) "does not *limit* the use of aggravating factors," but rather "simply lists factors that the notice 'may include," and that Section 3592(c) "allows the government to put forth 'any other aggravating factor' so long as (i) notice is given for it and (ii) it is relevant." *Ibid.* The court held that, "even if 'victim' means what Gendron says it does, section 3593(a) does not cabin permissible non-statutory aggravating factors to those described in its text." *Ibid.*

In this case, Bowers contends that the court below erred by admitting victim-impact evidence concerning surviving victims, relying in part on the *Gendron* district court's now-reversed pretrial ruling. Opening Br.285-89; Reply Br.141-50. The Second Circuit's decision in *Gendron* rejects Bowers's analysis. *See also* Gov't Br.271-72 (arguing that "Section 3593 evinces a broad approach to aggravating factors and victim-impact evidence" that authorizes evidence concerning surviving victims' injuries).

Respectfully submitted,

s/ Janea L. Lamar
JANEA L. LAMAR, Attorney
  U.S. Department of Justice
  Civil Rights Division
  Ben Franklin Station
  Washington, D.C. 20044-4403
  (202) 532-3526
  Janea.Lamar@usdoj.gov

s/ John-Alex Romano
JOHN-ALEX ROMANO, Attorney
  U.S. Department of Justice
  Criminal Division
  950 Pennsylvania Ave, NW
  Washington, DC 20530
  (202) 353-0249
  John-Alex.Romano@usdoj.gov

2

## CERTIFICATE OF SERVICE

Undersigned counsel of record certifies that all participants in this case are registered users of the Court's electronic case filing system and that the foregoing Rule 28(j) Letter was this day delivered by electronic case filing to the Clerk of the Court and to counsel for Appellant Bowers.

**DATED:    JULY 30, 2026**

s/John-Alex Romano

_____

JOHN-ALEX ROMANO, Attorney
U.S. Department of Justice
Criminal Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel. 202-353-0249
John-Alex.Romano@usdoj.gov