**U.S. Department of Justice**

Criminal Division

*Appellate Section* *Washington, D.C. 20530*

October 13, 2026

Hon. Patricia S. Dodszuweit, Clerk
Office of the Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *United States v. Robert Bowers*, No. 24-9002 (oral argument scheduled for November 3, 2026).

Dear Ms. Dodszuweit:

The government submits this letter pursuant to Federal Rule of Appellate Procedure 28(j). In the course of preparing for oral argument, government counsel identified the following published decision, not cited in the parties' briefs, that is relevant to the appropriate remedy for defendant-appellant Bowers's double jeopardy claim.

In *United States v. Agofsky*, 458 F.3d 369 (5th Cir. 2006), the defendant was convicted and sentenced to death on two capital-murder counts based on a single killing. *Id.* at 371. The Fifth Circuit held that the offenses were the same for double jeopardy purposes, vacated the convictions on both counts, and remanded the case for the district court to enter conviction on one of the two counts, as elected by the government. *Id.* at 371-73. The court rejected defendant Agofsky's argument that neither death sentence could stand, citing "the general rule that reversal of one conviction on double jeopardy grounds does not require resentencing on any remaining count." *Id.* at 373. The court determined that resentencing on the surviving count was unwarranted because it was "clear that Agofsky's conviction for either murder did not lead the jury to recommend a harsher sentence for the other, inasmuch as the verdict forms

strictly segregated the jury's sentencing decision between the two counts." *Ibid.*; *see id.* at 372-73 (distinguishing *United States v. Causey*, 185 F.3d 407 (5th Cir. 1999), on the ground that the jury there did not make separate sentencing recommendations as to the three capital counts).

*Agofsky* supports the government's argument here that, while Bowers's death sentences and convictions should be vacated on 11 of the 22 capital counts in light of recent Supreme Court precedent, resentencing on the remaining capital counts is unnecessary given, *inter alia*, the jury instructions and verdict form, which required the jury to consider each capital count separately during the sentencing phase. Gov't Br. 47-48.

The government apologizes for not bringing *Agofsky* to the Court's attention sooner.

Respectfully submitted,

s/ Janea L. Lamar
JANEA L. LAMAR, Attorney
U.S. Department of Justice
Civil Rights Division
Ben Franklin Station
Washington, D.C. 20044-4403
(202) 532-3526
Janea.Lamar@usdoj.gov

s/ John-Alex Romano
JOHN-ALEX ROMANO, Attorney
U.S. Department of Justice
Criminal Division
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 353-0249
John-Alex.Romano@usdoj.gov

## CERTIFICATE OF SERVICE

Undersigned counsel of record certifies that all participants in this case are registered users of the Court's electronic case filing system and that the foregoing Rule 28(j) Letter was this day delivered by electronic case filing to the Clerk of the Court and to counsel for Appellant Bowers.

**DATED: OCTOBER 13, 2026**

s/John-Alex Romano

JOHN-ALEX ROMANO, Attorney
U.S. Department of Justice
Criminal Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel. 202-353-0249
John-Alex.Romano@usdoj.gov