# FEDERAL DEFENDER OFFICES OF NEW YORK, ARIZONA, AND THE CENTRAL DISTRICT OF CALIFORNIA

SEAN J. BOLSER
Federal Capital Appellate Resource Counsel Project
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718) 330-1200 (tel.)
(718) 855-0760 (fax)
Sean_Bolser@fd.org

JON M. SANDS
Federal Public Defender
SARAH S. GANNETT
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, AZ 85007
(602) 382-2700 (tel.)
(602) 382-2800 (fax)
Sarah_Gannett@fd.org

AMY M. KARLIN
Interim Federal Public Defender
MARGARET A. FARRAND
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012
(213) 894-2854 (tel.)
(213) 894-0081 (fax)
Margaret_Farrand@fd.org

October 13, 2026

Patricia S. Dodszuweit, Clerk of the Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *United States v. Robert Bowers,* No. 24-9002 (oral argument scheduled for November 3, 2026)—Fed. R. App. P. 28(j) Letter

Dear Ms. Dodszuweit:

The Ninth Circuit's recent decision in *United States v. Henrikson*, 182 F.4th 774 (9th Cir. 2026)—issued after the completion of briefing in this case—supports Bowers's argument that 18 U.S.C. § 247(a)(2) is not a valid crime-of-violence predicate for his convictions under 18 U.S.C. § 924(j), and § 247(d)(1)'s "death results" requirement does not change that result because it lacks the necessary mens rea. (App.Br. 71-75; Reply 35-39.)

*Henrikson* held an analogous "death results" element in 18 U.S.C. § 1958(a)—prohibiting interstate conduct with intent that murder-for-hire occur—does not require any mens rea and thus cannot give rise to a crime-of-violence. The Court reasoned that § 1958(a)'s "if death results" language "lacks an explicit mens rea and describes the killing in the passive voice"—suggesting death can occur "without respect to any actor's intent or culpability"—and § 1958(a) elsewhere contains

express mens rea requirements, suggesting such language's absence from the "if death results" clause was intentional. The Court declined to follow *United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021), noting the Supreme Court has since eliminated, for federal predicate offenses like § 1958 and § 247, the "realistic probability" test on which *Runyon* relied, and no mens rea needed to be implied because § 1958(a)'s prohibited conduct was already wrongful. *Henrikson*, 182 F.4th at 783-84.

As Bowers argued (App.Br. 74, Reply 36-37), the same reasoning disproves any mens rea requirement in § 247(d)(1). Section 247(d)(1)'s "if death results" language is identical to § 1958(a)'s. Both lack any explicit mens rea requirement and are in the passive voice, contradicting any required intent. And § 247, like § 1958, includes express mens rea elements elsewhere, showing the absence of such language from the "death results" clause is intentional: § 247(a) penalizes "intentionally defac[ing]," and "intentionally obstruct[ing]." The prohibited conduct—forcible religious obstruction—is also already wrongful, so no additional mens rea element is needed.

This Court should follow *Henrikson* and reject the government's argument that § 247(d)(1)'s "death results" element supplies the necessary mens rea element to make Bowers's § 247 offense a qualifying crime-of-violence.

Sincerely,

*s/ Sean J. Bolser, Esq.*
Federal Capital Appellate Resource Counsel Project
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-330-1200
sean_bolser@fd.org

*s/ Sarah S. Gannett, Esq.*
Office of the Federal Public Defender

District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, AZ 85007
602-382-2700
sarah_gannet@fd.org

*s/ Margaret Farrand, Esq.*
Office of Federal Public Defender
Central District of California
321 E 2nd Street
Los Angeles, CA 90012
213-894-7528
margaret_farrand@fd.org

# **Certificate of Compliance re Length**

Pursuant to Federal Rule of Appellate Procedure 28(j), I hereby certify that the body of the foregoing letter (not including the letterhead, preliminary information, the greeting, or the signature block) contains 348 words.

*/s/ Margaret A. Farrand*
MARGARET A. FARRAND
Deputy Federal Public Defender

# *United States v. Henrikson*,

## 182 F.4th 774 (9th Cir. 2026)

182 F.4th 774
United States Court of Appeals, Ninth Circuit.

UNITED STATES of America, Plaintiff - Appellee,
v.
James Terry HENRIKSON, aka James Henricksen, Defendant - Appellant.

No. 23-2132
|
Argued and Submitted April 20, 2026 Seattle, Washington
|
Filed July 15, 2026

**Synopsis**
**Background:** Federal inmate filed motion to vacate, set aside, or correct sentence. The United States District Court for the Eastern District of Washington, Thomas O. Rice, J., 2023 WL 5281676, denied motion in part, and inmate appealed.

**Holdings:** The Court of Appeals, W. Fletcher, Circuit Judge, held that:

[1] as matter of first impression, there is no separate mens rea requirement in death-results element of federal statute prohibiting use of interstate commerce facilities in commission of murder-for-hire, and

[2] inmate's convictions for use of interstate commerce facilities in commission of murder-for-hire resulting in death did not constitute "crimes of violence" under statute criminalizing solicitation to commit crime of violence.

Affirmed in part, reversed in part, and remanded.

**Procedural Posture(s):** Appellate Review; Post-Conviction Review.

West Headnotes (12)

**[1]** **Criminal Law** Review De Novo

Court of Appeals reviews de novo district court's denial of motion to vacate, set aside, or correct sentence. 28 U.S.C.A. § 2255.

**[2]** **Criminal Law** Review De Novo

Court of Appeals reviews de novo whether conviction is "crime of violence."

**[3]** **Criminal Law** Sentencing and Punishment

"Concurrent sentence doctrine" grants courts power, as matter of discretion, to decline review of conviction under one count if conviction under another count is affirmed and sentences run concurrently and no adverse collateral legal consequences for appellant result from additional conviction.

**[4]** **Criminal Law** Sentencing and Punishment

Concurrent sentence doctrine is premised on idea that there is no use expending limited resources of litigants and judiciary reviewing conviction where, regardless of outcome, defendant will remain subject to same sentence.

**[5]** **Criminal Law** Solicitation

Court of Appeals applies categorical approach to determine whether defendant solicited qualifying "crime of violence" for purposes of statute criminalizing solicitation to commit crime of violence, pursuant to which only relevant question is whether federal felony at issue always requires government to prove—beyond reasonable doubt, as element of its case—use, attempted use, or threatened use of force. 18 U.S.C.A. § 373(a).

**[6]** **Criminal Law** Solicitation

Unless the least culpable act criminalized by statute requires that level of force, statute does not qualify as "crime of violence" for purposes of statute criminalizing solicitation to commit crime of violence. 18 U.S.C.A. § 373(a).

**[7]** **Criminal Law** Solicitation

For solicited offense to qualify as "crime of violence" under statute criminalizing solicitation to commit crime of violence, crime solicited (1) must have as element use, attempted use, or threatened use of "physical force"—i.e, violent force, that is, force capable of causing physical pain or injury to another person, and (2) must be one that requires purposeful or knowing conduct, or conduct evincing extreme recklessness. 18 U.S.C.A. § 373(a).

[8] **Commerce** Federal Offenses and Prosecutions

**Homicide** Murder for hire; contract killing

To obtain conviction for use of interstate commerce facilities in commission of murder-for-hire, government must show that defendant traveled or caused another to travel in interstate commerce, or used or caused another to use instrumentality of interstate or foreign commerce; did so with intent that murder be committed; and intended that murder be committed in exchange for something of pecuniary value. 18 U.S.C.A. § 1958(a).

[9] **Criminal Law** Acts prohibited by statute

Some indication of congressional intent, express or implied, is required to dispense with mens rea as element of crime.

[10] **Criminal Law** Acts prohibited by statute

In cases where congressional intent is lacking in statute, court must read mens rea requirement into statute, but only that mens rea that is necessary to separate wrongful conduct from otherwise innocent conduct.

[11] **Homicide** Murder for hire; contract killing

There is no separate mens rea requirement in death-results element of federal statute prohibiting use of interstate commerce facilities in commission of murder-for-hire. 18 U.S.C.A. § 1958(a).

[12] **Commerce** Federal Offenses and Prosecutions

**Homicide** Murder for hire; contract killing

Defendant's convictions for use of interstate commerce facilities in commission of murder-for-hire resulting in death did not constitute "crimes of violence" under statute criminalizing solicitation to commit crime of violence; base offense required only that defendant travel in, or use facility of, interstate commerce with requisite criminal intent that murder be committed, and death-results element of defendant's convictions lacked mens rea requirement. 18 U.S.C.A. §§ 373(a), 1958(a).

Appeal from the United States District Court for the Eastern District of Washington, Thomas O. Rice, District Judge, Presiding, D.C. No. 2:14-cr-00124-TOR-1

**Attorneys and Law Firms**

Scott A.C. Meisler (argued), Attorney, Appellate Section, Criminal Division; Matthew R. Galeotti, Acting Assistant Attorney General; United States Department of Justice, Washington, D.C.; Ian L. Garriques and David M. Herzog, Assistant United States Attorneys; S. Peter Serrano, United States Attorney; Office of the United States Attorney, United States Department of Justice, Spokane, Washington; for Plaintiff-Appellee.

Houston Goddard (argued), Goddard Pope PLLC, Nashville, Tennessee, for Defendant-Appellant.

Before: M. Margaret McKeown, William A. Fletcher, and Lucy H. Koh, Circuit Judges.

**OPINION**

W. FLETCHER, Circuit Judge:

***776** James Terry Henrikson hired a hit man who murdered two of his business associates. He hired a different hit man to murder three other business associates, but those murders were never carried out. In 2016, a jury convicted Henrikson,

inter alia, of four counts of solicitation to commit a crime of violence in violation of 18 U.S.C. §§ 373(a) and 1958(a). In 2023, Henrikson moved under 28 U.S.C. § 2255 to vacate his four solicitation convictions.

Henrikson argued that a violation of § 1958(a) is not categorically a crime of violence and therefore cannot serve as a predicate offense under § 373(a). Two of his solicitation convictions were based on acts that did not result in death. Relying on *United States v. Linehan*, 56 F.4th 693, 707 (9th Cir. 2022), *cert. denied*, ––– U.S. ––––, 144 S. Ct. 209, 217 L.Ed.2d 88 (2023), in which we held that a violation of § 1958(a) without personal injury or death is not categorically a crime of violence under § 373(a), the district court vacated those convictions. However, the district court declined to vacate the two solicitation convictions that were based on acts resulting in death. The court held that a violation of § 1958(a) resulting in death is categorically a crime of violence and is therefore a predicate offense under § 373(a). Henrikson appeals the district court's refusal to vacate these two convictions.

***777** We hold that a violation of § 1958(a) resulting in death is not categorically a crime of violence and therefore cannot serve as a predicate offense under § 373(a). We therefore remand to the district court with directions to vacate Henrikson's two remaining solicitation convictions.

## I. Background

From 2011 to 2013, Henrikson operated trucking and oil-drilling businesses in North Dakota. During that period, Henrikson employed a hit man to murder two of his business associates, Kristopher Clarke and Douglas Carlile. After Henrikson learned that Clarke planned to leave Henrikson's trucking business for a rival company, Henrikson paid Timothy Suckow $20,000 to murder him. Henrikson summoned Clarke to his truck shop, where Suckow was waiting. Henrikson distracted Clarke until Suckow attacked him with a tire jack. A year later, Henrikson offered another $20,000 to Suckow to murder his co-investor Carlile. Suckow shot Carlile six times inside his home. Henrikson also hired a different hit man to murder three other associates, but those murders never occurred.

In 2016, a jury convicted Henrikson on eleven counts. He was convicted on two counts of using interstate commerce facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958(a) (Counts 1 and 2); four counts of conspiracy to use interstate commerce facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958(a) (Counts 3, 4, 5, and 6); four counts of solicitation to use interstate commerce facilities in the commission of a murder-for-hire under 18 U.S.C. § 1958(a), in violation of 18 U.S.C. § 373(a) (Counts 7, 8, 9, and 10), and one count of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 11).

The district court imposed a complicated sentence. It sentenced Henrikson to three terms of life imprisonment on Counts 1, 2, and 3. The life terms for Counts 2 and 3 run concurrently with each other but consecutively with the life term on Count 1. It sentenced him to three 10-year terms on Counts 4, 5, and 6, running concurrently with each other but consecutive to the life sentences on Counts 1 through 3. It sentenced him to two 20 year-terms on Counts 7 and 8, each running concurrently with at least one of Henrikson's life sentences. It sentenced him to two 5-year terms on Counts 9 and 10, running concurrently with the 10-year terms on Counts 4, 5, and 6. Finally, it sentenced him to 10 years on Count 11, running consecutively with the sentences on Counts 1 through 6. Henrikson's resulting sentence was two consecutive life sentences plus twenty years, followed by five years of supervised release.

In 2023, Henrikson filed a *pro se* 28 U.S.C. § 2255 motion to vacate his four solicitation convictions, Counts 7 through 10. Relying on *United States v. Linehan*, 56 F.4th 693 (9th Cir. 2022), *cert. denied*, ––– U.S. ––––, 144 S. Ct. 209, 217 L.Ed.2d 88 (2023), in which we held that a violation of § 1958(a) without personal injury or death is not categorically a crime of violence, and *Grzegorczyk v. United States*, ––– U.S. ––––, 142 S. Ct. 2580, 213 L.Ed.2d 1128 (2022), *denying cert. to* 997 F.3d 743 (7th Cir. 2021), in which the government conceded the same before the Supreme Court, Henrikson argued that § 1958(a) is not categorically a crime of violence under § 373(a), and that he is therefore innocent of Counts 7 through 10.

Counts 9 and 10 were based on Henrikson's solicitations that did not result in death. The district court vacated Henrikson's convictions on those counts in light of *Linehan.* Counts 7 and 8 were based on ***778** Henrikson's solicitations that led to the deaths of Clarke and Carlile. The district court did not vacate the convictions on Counts 7 and 8 because it determined that a violation of § 1958(a) resulting in death is categorically a

crime of violence, an issue we reserved in *Linehan*. 56 F.4th at 707 n.4.

We granted a certificate of appealability on the question "whether murder for hire resulting in death, in violation of 18 U.S.C. § 1958(a), is a crime of violence for purposes of 18 U.S.C. § 373."[1]

II. Standard of Review

**[1]** **[2]** We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a) and 2255(d). We review de novo the district court's denial of a § 2255 motion. *United States v. Ovsepian*, 113 F.4th 1193, 1200 (9th Cir. 2024) (quoting *United States v. Seng Chen Yong*, 926 F.3d 582, 589 (9th Cir. 2019)). We also review de novo whether a conviction is a crime of violence. *United States v. Begay*, 33 F.4th 1081, 1087 (9th Cir. 2022) (en banc) (quoting *United States v. Benally*, 843 F.3d 350, 353 (9th Cir. 2016)).

III. Discussion

A. Concurrent Sentence Doctrine

**[3]** **[4]** The government asks us to use the "concurrent sentence doctrine" to avoid deciding the merits of Henrikson's claim. The government points out that because Henrikson's sentences on Counts 7 and 8 run concurrently with his unchallenged life sentences, vacatur of these convictions would offer him no practical relief. The concurrent sentence doctrine grants courts the power, "as a matter of discretion, to decline review of a conviction under one count if a conviction under another count is affirmed and the sentences run concurrently and no adverse collateral legal consequences for the appellant result from the additional conviction." *United States v. De Bright*, 730 F.2d 1255, 1256 (9th Cir. 1984) (en banc) (citation modified). The doctrine is "a rule of judicial convenience .... premised on the same principle underlying the doctrine of harmless error." *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021) (internal quotation marks and citation omitted). That is, the doctrine is premised on the idea that "there is no use expending the limited resources of the litigants and the judiciary reviewing a conviction where, regardless of the outcome, the defendant will remain subject to the same sentence." *Duka v. United States*, 27 F.4th 189, 194 (3d Cir. 2022) (citing *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986)).

In 1984, an en banc panel of our court eliminated the concurrent sentence doctrine in direct appeals. *De Bright*, 730 F.2d at 1256, 1259–60; *see also* *United States v. Brooks*, 772 F.3d 1161, 1172 n.6 (9th Cir. 2014). As the government points out, however, *De Bright* did not eliminate the doctrine in collateral review. We have not directly resolved whether the concurrent sentence doctrine applies in collateral review. The closest we have come is *Alaimalo v. United States*, 645 F.3d 1042 (9th Cir. 2011), where we remanded for the district court to grant relief to a petitioner challenging his conviction under 28 U.S.C. § 2241 even though "[i]t [wa]s probable that vacating [the petitioner's] convictions ... w[ould] not reduce the length of his confinement" in light of his unchallenged, mandatory life sentence. 645 F.3d at 1050; *see also* *id.* at 1050–51 (Korman, J., dissenting).

***779** Other circuits have extended the concurrent sentence doctrine to collateral challenges to convictions, but "[t]hat extension has not been without controversy." *United States v. Smith*, 104 F.4th 314, 321 (D.C. Cir. 2024); *see also* *Ruiz v. United States*, 990 F.3d 1025, 1037 (7th Cir. 2021) (Wood, J., dissenting) ("Under the harmless-error test, a conviction for a noncrime is, by definition, harmful."); *United States v. Charles*, 932 F.3d 153, 160 (4th Cir. 2019) ("[T]he concurrent sentence doctrine cannot be applied to avoid reviewing the validity of one of a defendant's *convictions* ...."); *Oslund v. United States*, 944 F.3d 743, 746 n.2, 748 (8th Cir. 2019) (affirming the district court's application of the doctrine but stressing that the defendant "challenge[d] only the *sentence* imposed on count 3, not the underlying *conviction* for being a felon in possession of a firearm" (emphases added)).

We need not decide whether the concurrent sentence doctrine applies in collateral review because application of the doctrine is discretionary. Even if the doctrine applies, we would exercise our discretion to consider the merits of this appeal. The district court resolved Henrikson's claim on the merits. The government and Henrikson's appointed counsel have now fully briefed and argued the merits in this court. Under these circumstances, declining to review Henrikson's claim would not significantly advance the concurrent sentence doctrine's "only justification" of judicial economy. *De Bright*, 730 F.2d at 1258; *see also* *Smith*, 104 F.4th at 322. We therefore proceed to the merits of Henrikson's appeal.

B. Violation of § 1958(a) Resulting in Death as a Crime of Violence

1. Sections 373(a) and 1958(a)

The federal solicitation statute, titled "Solicitation to commit a crime of violence," provides:

> Whoever, with intent that another person engage in conduct constituting *a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another* in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct, shall be imprisoned ....

18 U.S.C. § 373(a) (emphasis added). "The language used in § 373(a) is substantially similar to other 'crime of violence' or 'violent felony' provisions found elsewhere in the federal criminal code." *Linehan*, 56 F.4th at 699 (citing 18 U.S.C. §§ 16(a), 924(c)(3)(A), 924(e)(2)(B)(i)). Like those provisions, § 373(a) contains an "elements clause," *id.*, that defines a crime of violence as "a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another," 18 U.S.C. § 373(a)).

**[5]** **[6]** We apply the categorical approach to determine whether a defendant solicited a qualifying crime of violence under § 373(a). *Linehan*, 56 F.4th at 698–99; *United States v. Devorkin*, 159 F.3d 465, 467–69 (9th Cir. 1998). Under the categorical approach, "the facts of a given case are irrelevant." *Begay*, 33 F.4th at 1090 (quoting *Borden v. United States*, 593 U.S. 420, 424, 141 S.Ct. 1817, 210 L.Ed.2d 63 (2021)). Instead, "[t]he only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." ***780** *United States v. Taylor*, 596 U.S. 845, 850, 142 S.Ct. 2015, 213 L.Ed.2d 349 (2022). "Unless the 'least culpable act' criminalized" by a statute requires that level of force, the statute "does not qualify as a crime of violence." *Begay*, 33 F.4th at 1091 (citing *Borden*, 593 U.S. at 424, 141 S.Ct. 1817).

**[7]** The parties agree that for a solicited offense to qualify as a crime of violence under § 373(a), it must satisfy two requirements, each derived from the elements clause of § 373(a). First, "physical force" under § 373(a) requires "*violent* force—that is, force capable of causing physical pain or injury to another person." *Linehan*, 56 F.4th at 699 (quoting *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)). Second, "the phrase 'against property or against the person of another' requires that the crime solicited be one that requires purposeful or knowing conduct, or conduct evincing extreme recklessness." *Id.* (citations omitted) (first citing *Borden*, 593 U.S. at 430–35, 141 S.Ct. 1817; and then citing *Begay*, 33 F.4th at 1093–94). Because " 'against the person of another,' when modifying the 'use of physical force,' introduces that action's conscious object," *Borden*, 593 U.S. at 443, 141 S.Ct. 1817, the solicited offense must assign a "sufficiently culpable mens rea to the use of force[,] as opposed to other elements of the crime[,]" to qualify as a crime of violence, *United States v. Gomez*, 165 F.4th 1199, 1209 n.4 (9th Cir. 2026) (en banc); *see also Gutierrez v. Garland*, 106 F.4th 866, 875 (9th Cir. 2024) (suggesting "the force element" must satisfy the mens rea requirement).

If a statute is divisible, meaning it "list[s] elements in the alternative, and thereby define[s] multiple crimes," we apply "the modified categorical approach." *Mathis v. United States*, 579 U.S. 500, 505, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016); *see also Dorsey v. United States*, 76 F.4th 1277, 1281–82 (9th Cir. 2023).

The solicited offense at issue in this case is a violation of § 1958(a). Section 1958(a), titled "Use of interstate commerce facilities in the commission of murder-for-hire," provides:

> Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United

> States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

18 U.S.C. § 1958(a). We have previously suggested that § 1958(a) is divisible. *Linehan*, 56 F.4th at 707 n.4.

As the parties agree, § 1958(a) is at least divisible into base and aggravated offenses. A base offense is a violation of § 1958(a) that does not result in personal injury or death. That offense is punishable by a fine, imprisonment for not more than ten years, or both. Aggravated offenses are violations of § 1958(a) that result in personal injury or death. Those offenses have heightened punishments. The penalty for a violation resulting in personal injury is a fine, imprisonment of up to twenty years, or both. The stated statutory penalty for a violation resulting in death is life imprisonment or the death penalty, or a ***781** fine of not more than $250,000, or both. *But see United States v. Zhang*, 135 F.4th 44, 54 (2d Cir. 2025); *United States v. Rollness*, 561 F.3d 996, 997–98 (9th Cir. 2009) (per curiam). We need not decide whether the two aggravated offenses can or should be differentiated. It is sufficient to conclude that because the "personal injury" and "death" enhancements "increase[ ] the minimum and maximum sentences to which [defendants are] exposed, [they are] element[s] that must be submitted to the jury and found beyond a reasonable doubt." *Burrage v. United States*, 571 U.S. 204, 210, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014); *see also Mathis*, 579 U.S. at 518, 136 S.Ct. 2243.

Because § 1958(a) is divisible, we apply the modified categorical approach, which requires us to determine the offense for which Henrikson was convicted. *United States v. Buck*, 23 F.4th 919, 927 (9th Cir. 2022). As the parties agree, Henrikson's convictions on Counts 7 and 8 were for solicitation of the aggravated offense of § 1958(a) resulting in death. Under the modified categorical approach then, we must determine whether a violation of § 1958(a) resulting in death always satisfies § 373(a)'s elements clause. *See id.*

**[8]** We previously applied the categorical approach to § 1958(a) in *Linehan.* At issue in *Linehan* was the base offense of § 1958(a). To obtain a conviction on that offense, the government must show that the defendant (1) traveled or caused another to travel in interstate commerce, or used or caused another to use an instrumentality of interstate or foreign commerce; (2) did so with the intent that a murder be committed; and (3) intended that the murder be committed in exchange for something of pecuniary value. *Linehan*, 56 F.4th at 707 (first citing Ninth Cir. Model Crim. Jury Instruction No. 16.7 (2022); and then citing *United States v. Phillips*, 929 F.3d 1120, 1123 (9th Cir. 2019)). We accepted the government's concession that the base offense of § 1958(a) does not require "the use, attempted use, or threatened use of physical force." *Id.* at 707; *see also* Brief for the United States at 8–10, *Grzegorczyk v. United States*, 142 S. Ct. 2580 (No. 21-5967) (making the same concession before the Supreme Court). Accordingly, we held that the base offense of § 1958(a) is not a crime of violence under § 373(a). *Linehan*, 56 F.4th at 697, 706–07. We left open, however, the question presented to us in this case: "whether the aggravated offense[ ] of § 1958(a)—which impose[s] [a] longer term of imprisonment if ... death results—should be treated differently." *Id.* at 707 n.4.

The aggravated § 1958(a) offense resulting in death has four elements: the defendant (1) traveled or caused another to travel in interstate commerce, or used or caused another to use an instrumentality of interstate or foreign commerce; (2) did so with the intent that a murder be committed; (3) intended that the murder be committed in exchange for something of pecuniary value; and (4) death resulted. 18 U.S.C. § 1958(a). The only difference between the base § 1958(a) offense addressed in *Linehan* and the aggravated § 1958(a) offense at issue here is the added element "if death results." *See Linehan*, 56 F.4th at 707. Because *Linehan* held that the first three elements of § 1958(a) do not require physical force and therefore do not satisfy the elements clause of § 373(a), 56 F.4th at 706–07, the death-results element is the only element capable of satisfying that clause, *see Gomez*, 165 F.4th at 1209 n.4; *Borden*, 593 U.S. at 443, 141 S.Ct. 1817.

2. Death-Results Element of § 1958(a)

We assume without deciding that the death-results element of § 1958(a) satisfies the physical force requirement of §

373(a). ***782** *Delligatti v. United States*, 604 U.S. 423, 432, 145 S.Ct. 797, 221 L.Ed.2d 303 (2025) ("Thus, although 'the merest touching' is not violent force, any force that actually causes injury or death is." (quoting *Stokeling v. United States*, 586 U.S. 73, 83, 139 S.Ct. 544, 202 L.Ed.2d 512 (2019)). But the question remains whether, under the modified categorical approach, all violations of § 1958(a) resulting in death satisfy the mens rea requirement of § 373(a). The government argues that the death-results element of § 1958(a) covers only intentionally caused deaths, thereby satisfying § 373(a). Henrikson argues, to the contrary, that the death-results element of § 1958(a) has no intent requirement. Under Henrikson's interpretation, the death-results element does not satisfy § 373(a) because the element sweeps in a defendant's negligent or reckless conduct, or indeed, *any* conduct resulting in death. We are tasked with choosing between the parties' interpretations.

**[9]** **[10]** The death-results element of § 1958(a) has no explicit mens rea. It simply provides, "if death results." 18 U.S.C. § 1958(a). We ordinarily "interpret criminal statutes to require that a defendant possess a *mens rea*, or guilty mind, as to every element of an offense." *Buck*, 23 F.4th at 929 (quoting *Torres v. Lynch*, 578 U.S. 452, 467, 136 S.Ct. 1619, 194 L.Ed.2d 737 (2016)). However, "some indication of congressional intent, express or implied, is required to dispense with *mens rea* as an element of a crime." *Staples v. United States*, 511 U.S. 600, 606, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). "In the cases where congressional intent is lacking in the statute, [we] must read a mens rea requirement into the statute, but only that mens rea which is necessary to separate wrongful conduct from otherwise innocent conduct." *United States v. McDuffy*, 890 F.3d 796, 799–800 (9th Cir. 2018) (internal quotation marks omitted) (quoting *Carter v. United States*, 530 U.S. 255, 269, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000)).

The Supreme Court applied these principles in *Dean v. United States*, 556 U.S. 568, 129 S.Ct. 1849, 173 L.Ed.2d 785 (2009), where the Court held that the language "if the firearm is discharged" in 18 U.S.C. § 924(c)(1)(A)(iii) did not contain an intent requirement. 556 U.S. at 572, 129 S.Ct. 1849. First, the Court observed that the text "does not require that the discharge be done knowingly or intentionally, or otherwise contain words of limitation." *Id.* Second, the Court determined that "Congress's use of the passive voice further indicates that subsection (iii) does not require proof of intent" because "[t]he passive voice focuses on an event that occurs without respect to a specific actor, and therefore without respect to any actor's intent or culpability." *Id.* (citing *Watson v. United States*, 552 U.S. 74, 81, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007)). Third, the Court noted that the "structure of the statute also suggests that subsection (iii) is not limited to the intentional discharge of a firearm" because Congress included an intent requirement for other subsections, and "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* at 572–73, 129 S.Ct. 1849 (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)).

In *McDuffy*, we applied the analysis in *Dean* to language contained in the federal bank robbery statute that is identical to the language of the death-results element of § 1958(a). 890 F.3d at 798–802. The federal bank robbery statute punishes "[w]hoever by force and violence, or by intimidation, takes, or attempts to take, ***783** from the person or presence of another ... any property or money or any other thing of value belonging to ... any bank" with death or life imprisonment "if death results." 18 U.S.C. § 2113(a), (e). Relying on *Dean*, we held that "[t]he text and structure of § 2113(e) indicate Congress intended to omit a mens rea requirement" in the death-results element of the bank robbery statute. *McDuffy*, 890 F.3d at 801–02.

**[11]** Consistent with *Dean* and *McDuffy*, we hold that the text and structure of § 1958(a) demonstrate Congress intentionally omitted a mens rea requirement in § 1958(a)'s death-results element. As in the statutes addressed in *Dean* and *McDuffy*, the death-results element of § 1958(a)—"if death results"—lacks an explicit mens rea and describes the killing in the passive voice. These features suggest Congress was focused on whether a death occurred, "without respect to any actor's intent or culpability." *Dean*, 556 U.S. at 572, 129 S.Ct. 1849; *see McDuffy*, 890 F.3d at 801. Further, elsewhere in the same section, § 1958(a) contains mens rea elements, including (1) "the intent that a murder be committed," and (2) "the intent that the murder be committed ... as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value." 18 U.S.C. § 1958(a); *Linehan*, 56 F.4th at 707. As in *Dean* and *McDuffy*, Congress's inclusion of mens rea requirements elsewhere in § 1958(a) suggests that its omission of a mens rea requirement in the death-results element was purposeful. *Dean*, 556 U.S. at 572–73, 129 S.Ct. 1849; *McDuffy*, 890 F.3d at 801–02. We therefore conclude that Congress intended to omit a mens rea requirement in the death-results element of § 1958(a).

Our reading of § 1958(a) accords with our sister circuits' interpretations of identical or similar language in other criminal statutes. *See, e.g., In re Hall*, 979 F.3d 339, 344–45 (5th Cir. 2020) (holding kidnapping resulting in death, 18 U.S.C. § 1201(a), is a crime of violence, although the text "if death results" includes deaths that result recklessly), *abrogated by Borden*, 593 U.S. at 423, 141 S.Ct. 1817, *as recognized in*, *United States v. Elkins*, 161 F.4th 899, 908–09 (5th Cir. 2025); *United States v. Lowell*, 2 F.4th 1291, 1295–97 (10th Cir. 2021) (holding "death results" in federal carjacking statute, 18 U.S.C. § 2119(3), requires only but-for causation, not a mens rea); *United States v. Ross*, Nos. 18-2800, 18-2877, 2022 WL 4103064, at *1 (8th Cir. Sept. 7, 2022) (accepting the government's concession that kidnapping resulting in death is not a crime of violence following *Borden* because the death-results element has no mens rea); *United States v. Williams*, 998 F.3d 716, 733–34 (6th Cir. 2021) (holding "if death ... results" in 21 U.S.C. § 841(b)(1)(C) imposes but-for causation requirement); *United States v. Burkholder*, 816 F.3d 607, 614–18 (10th Cir. 2016) (holding "if death ... results" in 21 U.S.C. § 841(b)(1)(E)(i) imposes but-for causation requirement); *United States v. Nichols*, 38 F. App'x 534, 535, 538–39 (10th Cir. 2002) (interpreting "if death results" in statute punishing conspiracy to use a weapon of mass destruction, 18 U.S.C. § 2332a, as lacking a mens rea in light of "a long line of cases interpreting the phrase 'if death results' " as an element of "factual consequences" without "any scienter whatsoever" (quoting *United States v. McVeigh*, 153 F.3d 1166, 1195 (10th Cir. 1998))).

The government concedes that courts have generally read language such as "if death results" as indicating the lack of a mens rea. However, it asks us to adopt the Fourth Circuit's reasoning in *United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021). In *Runyon*, the Fourth Circuit noted ***784** that conspiracy to commit murder-for-hire resulting in death in violation of § 1958(a) has "two heightened mens rea elements." *Id.* at 203. Although "these mens rea elements are not explicitly tied to the resulting-in-death element," the Fourth Circuit determined that "in any realistic case, they must nonetheless carry forward to the resulting-in-death element." *Id.* According to the court, there was no "realistic probability" that the government would prosecute where a death was only accidentally or negligently caused. *Id.* (internal quotation marks and citation omitted). The court concluded, "Section 1958(a)'s mens rea elements cannot be limited to their individual clauses" because "[i]f a defendant *willingly* agrees to enter into a conspiracy *with the specific intent* that a murder be committed for money and death results from that agreement, it follows that the defendant acted with *specific intent* to bring about the death of the conspiracy's victim." *Id.* at 204. Thus, the Fourth Circuit held that conspiracy to commit murder-for-hire resulting in death in violation of § 1958(a) is categorically a crime of violence. *Id.*

We decline to adopt the Fourth Circuit's interpretation of § 1958(a) for two reasons. First, *Runyon* was decided before *United States v. Taylor*, 596 U.S. 845, 857–58, 142 S.Ct. 2015, 213 L.Ed.2d 349 (2022), in which the Supreme Court eliminated the "realistic probability" test, on which *Runyon* relied, for federal offenses. Second, we believe it is improper to "carry forward" the mens rea requirement of some elements of § 1958(a) to the separate death-results element. Courts sometimes read a mens rea into a statute in order to distinguish improper from innocent conduct. *See McDuffy*, 890 F.3d at 799–800 (quoting *Carter*, 530 U.S. at 269, 120 S.Ct. 2159). But that principle does not apply here because both the base and aggravated offenses of § 1958(a) already contain mens rea requirements. Thus, although there is no separate mens rea requirement in the death-results element, the mens rea requirements earlier in the statute ensure that only guilty conduct is punished. *See McDuffy*, 890 F.3d at 802. Though it is unusual to punish individuals for their "purely accidental conduct," "it is not unusual to punish individuals for the unintended consequences of their *unlawful* acts." *Dean*, 556 U.S. at 575, 129 S.Ct. 1849. There is therefore "no need to add an additional mens rea requirement" to § 1958(a)'s death-results element. *McDuffy*, 890 F.3d at 802 (citing *Carter*, 530 U.S. at 269, 120 S.Ct. 2159).

**[12]** Because the death-results element of § 1958(a) lacks a mens rea requirement, a violation of § 1958(a) resulting in death is not categorically a crime of violence under § 373(a). A defendant may be convicted of a violation of § 1958(a) based on an accidental killing. For example, an individual who travels with the intent that a murder be committed for pecuniary gain, lures the intended victim into his car, and then negligently (or even non-negligently) causes a crash that kills the intended victim satisfies the "if death results" element of the offense. *See Runyon*, 994 F.3d at 203 (dismissing this hypothetical under the realistic probability test); *see also Elkins*, 161 F.4th at 908 (discussing a similar hypothetical as applied to kidnapping resulting in death); *United States v. Ross*, 969 F.3d 829, 845 (8th Cir. 2020) (Stras, J., concurring in the judgment in part and dissenting in part) (same), *vacated*

*sub nom.*, *King v. United States*, —— U.S. ——, 142 S. Ct. 332, 332, 211 L.Ed.2d 175 (2021) (remanding "for further consideration in light of *Borden*").

IV. Conclusion

We hold that a violation of § 1958(a) resulting in death is not categorically a ***785** crime of violence. We therefore reverse the district court's denial of Henrikson's § 2255 motion as to Counts 7 and 8 and remand with instructions to vacate his convictions on these counts.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

**All Citations**

182 F.4th 774, 2026 Daily Journal D.A.R. 5890

## Footnotes

1 The certificate of appealability also included the question "whether this claim is procedurally defaulted or barred by the statute of limitations." Because the parties agree that Henrikson's innocence would excuse any procedural default or untimeliness, we do not address Henrikson's arguments on these issues.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.