**FEDERAL DEFENDER OFFICES OF NEW YORK, ARIZONA, AND THE CENTRAL DISTRICT OF CALIFORNIA**

SEAN J. BOLSER
Federal Capital Appellate Resource Counsel Project
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718) 330-1200 (tel.)
(718) 855-0760 (fax)
Sean_Bolser@fd.org

JON M. SANDS
Federal Public Defender
SARAH S. GANNETT
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, AZ 85007
(602) 382-2700 (tel.)
(602) 382-2800 (fax)
Sarah_Gannett@fd.org

AMY M. KARLIN
Interim Federal Public Defender
MARGARET A. FARRAND
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012
(213) 894-2854 (tel.)
(213) 894-0081 (fax)
Margaret_Farrand@fd.org

October 14, 2026

Patricia S. Dodszuweit, Clerk of the Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *United States v. Robert Bowers,* No. 24-9002 (oral argument scheduled for November 3, 2026)—Fed. R. App. P. 28(j) Letter

Dear Ms. Dodszuweit:

Counsel for appellant Robert Bowers submit this letter in response to the government's letter, under Federal Rule of Appellate Procedure 28(j), regarding *United States v. Agofsky*, 458 F.3d 369, 373 (5th Cir. 2006), cited for the proposition that resentencing is not required for a Double Jeopardy violation.

This Court is not bound by the Fifth Circuit's decision and should not follow it, for at least four reasons.

First, *Agofsky* applied an incorrect legal standard. In federal death penalty cases, the government must prove sentencing-phrase errors harmless beyond a reasonable doubt. 18 U.S.C. § 3595(c). But the Fifth Circuit in *Agofsky* incorrectly cited the standard from noncapital cases, asking only whether the error's impact was "clear."

Second, unlike in *Agofsky*, the verdict form in this case did not "strictly segregate[] the jury's sentencing decision between the [various] counts." *Agofsky*, 458 F.3d at 373.[1] Instead, it invited the jury to find aggravating and mitigating factors, and render its verdict, as to "all of the [applicable] capital counts" collectively.[2]

Third, the government's penalty-phase closing argument in *Agofsky* did not involve a quantitative approach to the weighing process that emphasized each capital count of conviction, as Bowers's prosecutors did here. In this case the government's penalty-phase closing argument repeatedly encouraged the jury to multiply each aggravating factor by "every single count"—*i.e.*, the sum of invalid and valid counts—and then weigh the resulting number—192—against Bowers's mitigating evidence.[3] Having relied on such an approach in Bowers's case, the government cannot demonstrate beyond a reasonable doubt that at least one juror's penalty phase verdict was not affected by it. (Reply 5-15).

Fourth and finally, the balance of mitigation and aggravation was far different. Bowers's jury found 87 mitigating factors across multiple areas—58 unanimously (Reply 16-26)—whereas Agofsky's jury found just seven, and none unanimously. And while Bowers had no prior convictions or prison incidents, Agofsky's verdict form reveals prior convictions for murder and use of a firearm, and a serious prison disciplinary record.

Sincerely,

*s/ Sean J. Bolser, Esq.*
Federal Capital Appellate Resource
Counsel Project
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-330-1200
sean_bolser@fd.org

---

[1] https://fdprc.capdefnet.org/sites/cdn_fdprc/files/Assets/media-root/public/Verdict%20Forms/agofsky_shannon_ed_tx_2004_redacted.pdf

[2] App.13783-85; 13802; *see also* App.10880-83 [eligibility verdict].

[3] App.13176-13210; 13269-76; 13290-95.

*s/ Sarah S. Gannett, Esq.*
Office of the Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, AZ 85007
602-382-2700
sarah_gannet@fd.org

*s/ Margaret A. Farrand, Esq.*
Office of Federal Public Defender
Central District of California
321 E 2nd Street
Los Angeles, CA 90012
213-894-7528
margaret_farrand@fd.org

## Certificate of Compliance re Length

Pursuant to Federal Rule of Appellate Procedure 28(j), I hereby certify that the body of the foregoing letter (not including the letterhead, preliminary information, the greeting, or the signature block) contains 342 words.

*/s/ Margaret A. Farrand*
MARGARET A. FARRAND
Deputy Federal Public Defender

# **Certificate of Service**

I, Margaret A. Farrand, Esquire, of the Federal Public Defender's Office, certify that I served on this date, on counsel for the government, a copy of the attached Letter Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, via Electronic Case Filing.

*/s/Margaret A. Farrand*
MARGARET A. FARRAND
Deputy Federal Public Defender
Date: October 14, 2026