**U.S. Department of Justice**

Civil Rights Division

*Appellate Section* *Washington, D.C. 20530*

October 16, 2026

**<u>VIA CM/ECF</u>**
Patricia S. Dodszuweit, Clerk
Office of the Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *United States v. Robert Bowers*, No. 24-9002 (oral argument scheduled for November 3, 2026).

Dear Ms. Dodszuweit:

The government hereby responds to Bowers's letter concerning *United States v. Henrikson*, 182 F.4th 774 (9th Cir. 2026), and its effect on his claim that 18 U.S.C. 247(a)(2) is not a crime of violence under 18 U.S.C. 924(c)(3)(A).

In *Henrikson*, the Ninth Circuit held that an 18 U.S.C. 1958(a) offense that results in death is not a categorical crime of violence as defined by 18 U.S.C. 373(a). 182 F.4th at 779, 781. That court has since requested an en banc vote *sua sponte*. See *Henrikson*, No. 23-2132, DE62. Regardless, the current *Henrikson* opinion does not save Bowers's claim.

The Ninth Circuit previously held that a basic Section 1958(a) offense—traveling in interstate commerce or using a facility of interstate commerce (or causing another to do so), with intent to commit murder-for-hire—was not a crime of violence because it does not categorically require the use, attempted use, or threatened use of physical force. *Henrikson*, 182 F.4th at 781 (citing *United States v. Linehan*, 56 F.4th 693, 707 (9th Cir. 2022)).

The question in *Henrikson* was whether the addition of the "if death results" element changed that analysis. *Id.* at 781-785. The court found it did not, because even though the court assumed that the element requires proof of

"force," *id.* at 781, it does not require "a sufficiently culpable mens rea [for] the use of [that] force," *id.* at 782-785.

This out-of-circuit holding is neither binding nor persuasive here. Unlike Section 1958(a), Section 247(a)(2)'s basic offense itself requires a "sufficiently culpable mens rea [for] the use of force," *id.* at 780, by requiring proof that a defendant "intentionally obstructs, by force or threat of force," 18 U.S.C. 247(a)(2). Section 247(d)(1)'s "death results" element therefore "further bolsters" (rather than having to independently support) the conclusion that intentional forcible obstruction resulting in death is a crime of violence. *United States v. Earnest*, 536 F. Supp. 3d 688, 722-723 (S.D. Cal. 2021) (discussing 18 U.S.C. 249's death-results element); see also Gov't Br. 112-113.

Respectfully submitted,

s/ Janea L. Lamar
JANEA L. LAMAR, Attorney
U.S. Department of Justice
Civil Rights Division
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(202) 532-3526
Janea.Lamar@usdoj.gov

s/ John-Alex Romano
JOHN-ALEX ROMANO, Attorney
U.S. Department of Justice
Criminal Division
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 353-0249
John-Alex.Romano@usdoj.gov

## CERTIFICATE OF SERVICE

Undersigned counsel of record certifies that all participants in this case are registered users of the Court's electronic case filing system and that the foregoing Rule 28(j) Response Letter was this day delivered by electronic case filing to the Clerk of the Court for the Third Circuit Court of Appeals and to counsel for appellant Bowers.

**DATE: OCTOBER 16, 2026**

s/Janea L. Lamar
JANEA L. LAMAR, Attorney
U.S. Department of Justice
Civil Rights Division
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(202) 532-3526
Janea.Lamar@usdoj.gov