# FEDERAL DEFENDER OFFICES OF NEW YORK, ARIZONA, AND THE CENTRAL DISTRICT OF CALIFORNIA

SEAN J. BOLSER
Federal Capital Appellate Resource Counsel Project
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718) 330-1200 (tel.)
(718) 855-0760 (fax)
Sean_Bolser@fd.org

JON M. SANDS
Federal Public Defender
SARAH S. GANNETT
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, AZ 85007
(602) 382-2700 (tel.)
(602) 382-2800 (fax)
Sarah_Gannett@fd.org

AMY M. KARLIN
Interim Federal Public Defender
MARGARET A. FARRAND
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012
(213) 894-2854 (tel.)
(213) 894-0081 (fax)
Margaret_Farrand@fd.org

October 20, 2026

Patricia S. Dodszuweit, Clerk of the Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *United States v. Robert Bowers,* No. 24-9002 (oral argument scheduled for November 3, 2026)—Fed. R. App. P. 28(j) Letter

Dear Ms. Dodszuweit:

Appellant Robert Bowers submits this letter pursuant to Federal Rule of Appellate Procedure 28(j) to bring to the Court's attention H.R. 4980, attached as Exhibit A, which supports Bowers's argument that 18 U.S.C. § 247(a)(2) is an invalid exercise of Congress's authority under the Commerce Clause, both facially and as applied to this case. (*See* App.Br.105-137; Reply 49-66.)

As explained in a 1987 House Report, H.R. 100-337, H.R. 4980 was a preliminary version of the legislation that became 18 U.S.C. § 247. *See* H.R. Rep. no. 100-337 at 2 & n.3 (1987) (H.R.4980 was passed by the House on September 22, 1986, during the 99th Congress, then the 100th Congress drafted a similar bill providing for "narrower Federal Jurisdiction"). H.R. 4989 specifically regulated interstate channels and instrumentalities, while the plain language of 18 U.S.C. § 247 does not.

H.R. 4980 states in relevant part:

(a) Whoever, travels in, or uses a facility or instrumentality of, interstate or foreign commerce with intent to—

(1) obstruct, by force or threat of force, any person in the enjoyment of that person's free exercise of religious beliefs;

shall be punished as provided in subsection (b) of this section.

It thus provides an example of how Congress could have drafted 18 U.S.C. § 247 in a different manner, to comply with prongs 1 and 2 of *United States v. Lopez*, 514 U.S. 549 (1995). *See* App. Br. 117-119.

Sincerely,

*s/ Sean J. Bolser, Esq.*
Federal Capital Appellate Resource Counsel Project
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-330-1200
sean_bolser@fd.org

*s/ Sarah S. Gannett, Esq.*
Office of the Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, AZ 85007
602-382-2700
sarah_gannet@fd.org

*s/ Margaret Farrand, Esq.*
Office of Federal Public Defender
Central District of California
321 E 2nd Street
Los Angeles, CA 90012
213-894-7528
margaret_farrand@fd.org

## Certificate of Compliance re Length

Pursuant to Federal Rule of Appellate Procedure 28(j), I hereby certify that the body of the foregoing letter (not including the letterhead, preliminary information, the greeting, or the signature block) contains 233 words.

*/s/ Margaret A. Farrand*
MARGARET A. FARRAND
Deputy Federal Public Defender

# **<u>Certificate of Service</u>**

I, Margaret A. Farrand, Esquire, of the Federal Public Defender's Office, certify that I served on this date, on counsel for the government, a copy of the attached Letter Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, via Electronic Case Filing.

<u>*/s/Margaret A. Farrand*</u>
MARGARET A. FARRAND
Deputy Federal Public Defender
Date: October 20, 2026

# EXHIBIT A

IB

# Union Calendar No. 493

99TH CONGRESS
2D SESSION

# H. R. 4980

**[Report No. 99–820]**

To amend chapter 13 of title 18, United States Code, to impose criminal penalties for damage to religious property and for injury to persons in the free exercise of religious beliefs.

---

IN THE HOUSE OF REPRESENTATIVES

JUNE 11, 1986

Mr. GLICKMAN (for himself, Mr. BIAGGI, Mr. FISH, Mr. SEIBERLING, Mr. FRANK, Mr. SMITH of Florida, Mr. BERMAN, Mr. WORTLEY, Mr. FRENZEL, Mr. LEVINE of California, Mr. RANGEL, Mr. DELLUMS, Mr. MCGRATH, Mr. SCHEUER, Mr. WALGREN, Ms. MIKULSKI, Mr. WAXMAN, Mr. LAGOMARSINO, Mr. GREEN, Mrs. BOXER, Mr. CONTE, Mr. LELAND, Mr. HAYES, Mr. GARCIA, Mr. MITCHELL, Mr. DIOGUARDI, Mr. WHITTAKER, Mr. WEISS, Mr. WIRTH, Mr. MATSUI, Mr. MRAZEK, and Mr. DORNAN of California) introduced the following bill; which was referred to the Committee on the Judiciary

SEPTEMBER 12, 1986

Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

---

# A BILL

To amend chapter 13 of title 18, United States Code, to impose criminal penalties for damage to religious property and for injury to persons in the free exercise of religious beliefs.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. CRIMINAL PENALTIES FOR DAMAGE TO RELIGIOUS PROPERTY AND INJURY TO PERSONS IN THE FREE EXERCISE OF RELIGIOUS BELIEFS.**

Chapter 13 of title 18, United States Code, is amended by adding at the end the following new section:

**"§ 247. Damage to religious property; injury to persons in the free exercise of religious beliefs**

"(a) Whoever, travels in, or uses a facility or instrumentality of, interstate or foreign commerce with intent to—

"(1) deface, damage, or destroy any religious real property, because of the religious character of that property; or

"(2) obstruct, by force or threat of force, any person in the enjoyment of that person's free exercise of religious beliefs;

shall be punished as provided in subsection (b) of this section.

"(b) The punishment for a violation of subsection (a) of this section shall be—

"(1) if death results, a fine in accordance with this title and imprisonment for any term of years or for life, or both;

"(2) if serious bodily injury results, a fine in accordance with this title and imprisonment for not more than fifteen years, or both; and

"(3) in any other case, a fine in accordance with this title and imprisonment for not more than five years, or both.

"(c) As used in this section—

"(1) the term 'religious real property' means any church, synagogue, religious cemetery, or other religious real property; and

"(2) the term 'serious bodily injury' means bodily injury that involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.".

**SEC. 2. TECHNICAL AMENDMENT.**

The table of sections for chapter 13 of title 18, United States Code, is amended by adding at the end the following new item:

**"247. Damage to religious property; injury to persons in the free exercise of religious beliefs.".**