**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

**No.** 24-9002

United States vs. Bowers

Calendar Date Nov. 3, 2026 Location Pittsburgh, PA

## DIVISION OF ARGUMENT TIME FOR MULTIPLE COUNSEL

The Court of Appeals for the Third Circuit requests counsel for each side to divide the allotted argument time among the parties when multiple briefs are filed by multiple counsel. In many instances, the Court discourages multiple counsel arguing when a joint brief is filed. If multiple counsel request argument when a joint brief is filed, counsel must indicate the party or issue(s) and the division of time for each counsel, and such requests will be submitted to the Court for approval prior to oral argument.

Counsel for Appellant(s), Petitioner(s), or Intervenor(s) in order of argument:

| Name of Counsel | Division of Time | Party/Issue(s) |
|---|---|---|
| Margaret Farrand | Full Argument | Bowers/see attached |
| Sarah Gannett | See Attached | Bowers/see attached |
| | | |

Counsel for Appellee(s), Respondent(s), or Intervenor(s) in order of argument:

| Name of Counsel | Division of Time | Party/Issue(s) |
|---|---|---|
| | | |
| | | |
| | | |

## ATTACHMENT – DIVISION OF ARGUMENT TIME FOR MULTIPLE COUNSEL

With the Court's permission, Ms. Farrand will argue the case for Mr. Bowers, to include the following issues:

Issues identified by the Court:

1. Whether 18 U.S.C. § 249(a)(1) is a valid exercise of Congress's authority under the Thirteenth Amendment.

2. Whether 18 U.S.C. § 247(a)(2) is a valid exercise of Congress's authority under the Commerce Clause.

3. Whether the District Court erred in approving the shackling of Bowers during the Penalty-Phase proceedings.

4. Whether the District Court erred in failing to excuse Juror 119 for cause.

Additionally, should the Court have questions, Ms. Farrand will address:

- Whether Bowers's capital § 924 convictions are invalid because § 247(a)(2) is a not a crime of violence.
- The remedy for the conceded Double Jeopardy violation from the § 247 and § 924(j) counts.
- The District Court's failure to conduct Step Three of the Batson analysis.
- The improper admission of historical and religious evidence unrelated to Bowers or the offense.
- The admission of improper victim impact evidence.

Should the Court have questions about the following issues, Ms. Farrand proposes to cede time, as needed, to Ms. Gannett to address them:

- The wrongful striking of two venirepersons who said they could apply death-penalty law.
- The government's use of Bowers's statements to his own mental-health experts to advocate for death.
- The failure to submit the avoiding-martyrdom mitigating factor.
- The failure to submit to the jury Bowers's offer to plead guilty.
- The government's improper rebuttal closing argument.
- The failure to assure Bowers's presence for proceedings during deliberations.